EDWARD SUMNER vs. SAMUEL CRANE.

Norfolk. December 7, 8, 1891. — February 23, 1892.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Probate of Will — Oral Agreement for Legacy.*

It is no objection to the probate of a will that the testator had made a valid contract to dispose of his property in a different manner from that provided in the will, or that the will offered for probate revokes a will drawn in accordance with the terms of the contract.

APPEAL by Edward Sumner from a decree of the judge of probate for Norfolk County, admitting to probate certain instruments purporting to be the last will and a codicil thereto of Sallie Richards Sumner, in which Samuel Crane was named as executor. The case was tried in this court, before *Holmes, J.,* who affirmed the decree, and reported the ‘case for the determination of the full court as follows.

The appellant offered to prove that the testatrix had made an oral contract with her sisters to devise and bequeath the property covered by the will and codicil primarily to such sisters, and otherwise differently from the way it is disposed of by the will and codicil; and that the testatrix had inherited all the property of her three sisters under wills made in accordance with that oral contract; and he contended that the fact, if proved, would prevent the probate of the instrument before the court. In answer to a question by the presiding justice, it was admitted that the testatrix did not part with her right to change the executor to her will, and it was thereupon ruled that the alleged contract would not prevent the probate of the instrument, although, if the contract had been carried out, the property would have gone to different persons from the present devisees and legatees. The judge refused to receive the evidence so far as offered for that purpose only; and the appellant excepted.

The appellant stated that the testatrix had executed a will in the year 1849, in pursuance of the alleged contract, which will had not been revoked otherwise than by later wills made in

violation of the contract, and asked delay in order that he might offer that will for probate, so that the two cases might proceed *pari passu.* The judge ruled that, if such a contract had been made, and a will executed in pursuance of it, the rights of the appellant, if any, would be preserved by way of contract or trust, and on that ground alone refused the application.

If either of the foregoing rulings was wrong, a new trial was to be had, or such other order was to be made as in the opinion of the court would be sufficient to support the rights of the appellant, who was one of those within the scope of the alleged contract, and who would have taken by a will made in accordance with the contract.

*E. M. Johnson,* for the appellant.

*A. Hemenway,* for the executor.

LATHROP, J.   The first ruling of the single justice of this court, upon whose report the case comes before us, was apparently based upon the theory that, as the testatrix did not part with her right to change the executor of her will, the will was entitled to be admitted to probate.   There is no doubt of the correctness of the ruling.   A will is valid which merely appoints an executor.   *In the Goods of Lancaster,* 1 Sw. & Tr. 464.   *In the Goods of Howard,* L. R. 1 P. & D. 636.   *Brownrigg* v. *Pike,* 7 P. D. 61.   And this is so, even though the executor renounces probate.   *In the Goods of Jordan,* L. R. 1 P. & D. 555.

The appellant, however, contends that the probate of the will should be limited to the nomination of the executor.   There are indeed numerous cases in this Commonwealth where partial probate of a will has been allowed, but these are cases where there has been either a partial legal incapacity on the part of the testator, or where there has been fraud or undue influence as to a specific clause in a will.   Thus, at a time when a minor could make a bequest of personal property, but could not devise real estate, his will, which covered both, was admitted to probate as to the personal property only.   *Deane* v. *Littlefield,* 1 Pick. 239.   The same course has been pursued in the case of a will of a married woman, if her legal capacity is limited.   *Holman* v. *Perry,* 4 Met. 492.   *Heath* v. *Withington,* 6 Cush. 497.   *Ela* v. *Edwards,* 16 Gray, 91, 101.   As to fraud or undue influence, see *Ogden* v. *Greenleaf,* 143 Mass. 349, 353.

The learned counsel for the appellant has not called our attention to any case where full probate of a will has not been allowed because of the fact that the testator had made a contract to dispose of his property in some other way.

In *Holman* v. *Perry, ubi supra,* Mr. Justice Dewey states the rule of law to be as follows: " The probate of a will does not necessarily settle any question of title to real estate arising under such will. It establishes the due execution of the will by the testator, and is conclusive thus far; but as to his title, or his right to devise the property named in the will, it binds nobody who has any adverse interest. Questions of that character are to be settled by proper proceedings at law, or in equity."

In *Pohlman* v. *Untzellman,* 2 Lee, Eccl. 319, one Peter Untzellman, on October 6, 1747, made a will by way of provision for his intended wife and for any children he and she might have, nominated her as sole executrix, and gave her all his estate. In 1755, he made a new will giving his wife £5 only, and, having no children, left the residue to his sisters. It was contended on behalf of the widow, that the will of 1747 was a settlement in consideration of marriage, and was a bar to any other will, and that the will of 1755 was void. The widow also contended that she was entitled to probate of the first will. Sir George Lee, in delivering judgment, said: " But I was of opinion, if the first will could operate as marriage articles or a deed, she must go to the Court of Chancery to have it enforced there ; that the question before me was only upon the *factum* of the two wills; that, considered as wills, the latter, being fully proved, did clearly revoke the former; and I could not determine that the deceased had, by the act of 6th October, 1747, disabled himself from making any subsequent will." See also *Hughes* v. *Turner,* 4 Hagg. Eccl. 30, 52; *Brenchley* v. *Lynn,* 2 Rob. Eccl. 441; *Hobson* v. *Blackburn,* 1 Add. Eccl. 274.

We must accordingly assume that the will of 1849 was revoked by the subsequent will. If so, the appellant was not entitled to a delay for the purpose of offering that will for probate, even if he could show any excuse for not presenting it before, because, if the former will was revoked by a valid will, it was not entitled to be admitted to probate. The rights of the appellant, if any, would however be fully protected, either by

way of contract or trust; and the ruling was right. See cases last above cited, and *Izard* v. *Middleton*, 1 Desaus. 116; *Rivers* v. *Rivers*, 3 Desaus. 190; *Anding* v. *Davis*, 38 Miss. 574; *Faxton* v. *Faxon*, 28 Mich. 159; *Carmichael* v. *Carmichael*, 72 Mich. 76; *Robinson* v. *Mandell*, 3 Cliff. 169, 183; *Smith* v. *Tuit*, 127 Penn. St. 341; *Tuit* v. *Smith*, 137 Penn. St. 35.     *Decree affirmed.*