*J. Duff*, for the plaintiff.

*E. I. Morgan, R. A. Stewart & G. S. Taft*, for the defendants.

---

WILLIAM W. DAVENPORT, executor, *vs.* ARTHUR D. JOHNSON & others.

Franklin.    September 16, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Will*, Undue Influence.  *Evidence.*  *Practice, Civil*, Instructions.

The fact that the provisions of a will are unreasonable does not in itself justify a finding that it was the product of an unsound mind or of undue influence, but on those issues evidence is admisible tending to show that the will was not such a reasonable one as a person of sound mind and free from undue influence would have made.

On the issues whether a testatrix, who was a widow, was of sound mind and executed her will free from undue influence, the contestants may introduce evidence not only of the amount of her estate but also of the amount of her husband's estate, and may show that the person alleged to have exercised the undue influence was entitled to receive a large amount under her husband's will, that both he and the testatrix knew the contents of the husband's will before his death and at the time of the execution of the will of the testatrix and knew approximately the amount of his estate, and that the person alleged to have exercised the undue influence induced the testatrix not to waive the provisions of her husband's will and thereby reduce the amount which he would receive under it.

To show that the execution of the will and codicil of a testatrix was procured by the undue influence of a certain person, the contestants called that person as a witness and asked him whether at any time after the execution of the codicil to the will he kept the relatives of the testatrix from seeing her, and whether he gave directions to persons of his household not to let some of her relatives see her.  The witness answered the first question in the affirmative, and in answer to the second question said that there was one relative whom he had given directions not to let in while the testatrix was in her feeble condition.  The executor excepted to the admission of this evidence.  It did not appear when the events referred to took place.  *Held*, that for aught that appeared the events

referred to might have happened at or about the time when the codicil was executed, and in that case the evidence clearly was admissible, and *semble,* that if the events occurred later the evidence still would be admissible.

A statement of assumptions of fact which, if found by a jury to be true, would warrant a finding, that the will of a woman of eighty-four years of age enfeebled by disease was procured by the undue influence of her confidential adviser and manager of her business in whose family she lived, made by the presiding justice in this case, was approved by the court as correct.

When at a trial instructions are requested which correctly state the law applicable to the case, the presiding judge can give them in the exact language requested or in his own language, and there is no valid objection to either course.

APPEAL from a decree of the Probate Court for the County of Franklin admitting to probate the will and codicil of Alma J. Davenport of Leyden in this Commonwealth.

At the trial before *Knowlton,* J., the jury found for the contestants on the issues of fraud and undue influence; and the executor alleged exceptions.

The testatrix died January 17, 1901. Her will and codicil were dated respectively October 4 and December 4, 1895. Oliver Davenport, husband of the testatrix, died October 12, 1895. By his will he gave $50,000 to his wife. She left an estate valued at about $60,000. Other facts material to the exceptions are stated by the court.

The last exception was to the following instruction which was requested by the contestants and given by the presiding justice in the language of the request, as follows : " When a testatrix eighty-four years of age, who has a brother and nephews and nieces, and grandnephews and grandnieces, but no children, gives a small fraction of her estate to her next of kin, and the residue to her confidential adviser and manager of her business, in whose family she lives at the time the will was made and until her death, the law views the transaction with some jealousy, especially if at the time of making the will the testatrix was enfeebled by age or disease, or both, even though not to the extent of producing mental unsoundness, and acted without independent and disinterested advice, and the will was drawn by the attorney of such adviser and manager, whose attendance was procured by him for that purpose, under such circumstances a jury will be authorized to find that the will is void through undue influence, without proof of specific acts of the legatees at the time of making the will."

In giving the instruction above quoted the justice added : " I give you this instruction because I believe it to be law. Whether or not it is applicable in this case depends upon whether or not you find the facts in evidence in this case to embrace and cover the assumptions of fact contained in this ruling. This is a question for your determination, and upon which I express no opinion."

*S. D. Conant*, for the plaintiff.

*F. L. Greene*, for the defendants.

MORTON, J. This is an appeal from the allowance of the will and codicil of one Alma J. Davenport. The case was submitted to a jury on the usual issues, and the jury found against the will and codicil on the issue of fraud and undue influence, and for the will and codicil on the issues relating to soundness of mind and to the understanding and purpose with which the instruments were executed by the testatrix. The case is here on exceptions by the executor to the admission of certain evidence, and to certain rulings and instructions that were given.

The first exception relates to the admission of evidence of the amount of the estate of the husband of the testatrix. There were also other exceptions of the same general nature. These exceptions may be considered together. We think that the evidence was rightly admitted. William W. Davenport, one of the persons charged with exercising fraud and undue influence, was the principal residuary legatee under the husband's will. He was also sole residuary legatee under the will and codicil of the testatrix, and as such would receive a large sum if they were upheld. The widow did not waive the provisions of her husband's will, and there was testimony tending to show that when she executed the will and codicil she had a brother and nephews and nieces and grandnephews and grandnieces living, and that they were all of limited means and that for aught that appeared she was in friendly relations with all of them. In passing on the question of the soundness of mind of the testatrix, and whether undue influence had been exercised over her, the jury had a right to consider whether the will was under all the circumstances a reasonable will and one such as a person of sound mind and free from undue influence would have made. The fact that the will and codicil were or might be found to be

unreasonable in the opinion of the jury would not of itself justify them in finding that it was the product of an unsound mind or of undue influence. But as bearing upon the question whether the will was a reasonable will and such as a person of sound mind and free from undue influence would have made, evidence not only of the amount of her own estate was competent, but, also, evidence of the amount of her husband's estate and of the amount to which William W. Davenport was or would be entitled under the husband's will. If he was entitled to receive under the husband's will a large amount, we cannot say that the jury were not justified in finding, if they did so find, that the more reasonable explanation of the large bequest to him in the will and codicil of the testatrix was that it was procured by undue influence on his part over her. There was testimony from which the jury could have found that both he and the testatrix knew the contents of the husband's will before his death, and at the time of the execution of the will and codicil, and the approximate amount of the estate. Further, as tending to show his relations with and influence over the testatrix, it was competent, we think, for the appellants to show if they could, that he had induced her not to waive the provisions of her husband's will, and that the amount of her husband's estate and the share to which he would be entitled were admissible for that purpose.

William W. Davenport was called as a witness by the appellants, and they offered to show by him that he had prevented the relatives of the testatrix from calling upon her at various times between the date of the codicil and her death, and the next exceptions relate to the admission of the question, " At any time after the execution of the codicil to the will did you keep her relatives from seeing her?" to which he answered, " Yes, sir," and to the admission of the question, " And did you give directions to persons of your household not to let some of her relatives see her?" to which he answered, " One and one only. One relative. Not to let one relative in in her feeble condition." It does not appear when the events referred to in the questions and answers took place. For aught that appears, they might have happened at or about the time when the codicil was executed, in which case the evidence was clearly admissible. Moreover testimony

of the kind referred to in the offer was admitted in *Shailer* v. *Bumstead*, 99 Mass. 112, 129, 130.

The last exception was to certain instructions requested by the appellants and given by the presiding justice. We think that the instructions followed the law as laid down in *Woodbury* v. *Woodbury*, 141 Mass. 329, and *Ogden* v. *Greenleaf*, 143 Mass. 349, the latter case being referred to with approval in *Sumner* v. *Crane*, 155 Mass. 483, 484, and *Jones* v. *Simpson*, 171 Mass. 474, 476. The jury were expressly told that whether the instructions were applicable to the case before them depended on whether they found " the facts in evidence . . . to embrace and cover the assumptions of fact contained in this ruling." Where the instructions requested state the law applicable to the case correctly, it is at the option of the presiding justice whether he will give them in the exact language requested, or whether he will give them in his own language. There is no valid objection to either course. *Bacon* v. *Bacon*, 181 Mass. 18. *Richardson* v. *Bly*, 181 Mass. 97.

*Exceptions overruled.*