MANROW ET AL. *v.* DEVENEY ET AL.

[No. 16,590.  Filed April 14, 1941.  Rehearing denied May 27, 1941.]

*Mountz & Mountz,* of Garrett, for appellants.

*Atkinson & Sanders,* of Auburn, for appellees.

FLANAGAN, J.—On March 23, 1916, John Joel Eakright and Acelia Eakright, his wife, executed a will which appellants claim was a joint and mutual will. In 1923, John Joel Eakright died; the said will was admitted to probate as his last will and testament; and his widow, Acelia Eakright, took under the will.

On November 24, 1933, Acelia Eakright executed a new will disposing of all of her property differently than did the prior will. She died on February 6, 1937, and both wills were offered for probate.

This action was brought by appellants, as beneficiaries under the will of 1916, to resist the probate of the will of 1933, on the theory that the will of 1916 was a joint and mutual will, could not be revoked, and should be admitted to probate as the last will and testament of Acelia Eakright.

We recognize the enforcibility of the contractual obligation created by a joint and mutual will made pursuant to agreement. *Sample* v. *Butler University* (1937), 211 Ind. 122, 4 N. E. (2d) 545, 5 N. E. (2d) 888.

But this is not an action to enforce a contractual obligation. It is an action to resist the probate of a will.

The law on this subject is well expressed as follows in Atkinson on Wills at page 176:

"Frequently joint or mutual wills are made in pursuance of an agreement or compact not to revoke them. In the case of such wills executed in accordance with a contract it is important to distinguish between the concept of wills and that of contracts. The Anglo-American law has no separate concept of 'will made in pursuance of contract'; we must

treat the will part as a will and the contract part as a contract. Hence, viewed in the aspect of a will, such instruments do not differ from other wills. In order to be effective, they must be admitted to probate and they are revocable although there has been an agreement not to revoke. The matter of the contractual aspect does not arise upon probate but only when the agreement is sought to be established as a claim against the estate, or in a proceeding at law or in equity against the representatives of the deceased testator. This is the sound and orthodox method of treatment of the question."

The rule is similarly expressed in 69 C. J. page ██ 1300, Section 2720 as follows:

"A mutual will, like any other, is revoked by the execution of a subsequent will inconsistent therewith. So, where a party to a contract or agreement for mutual wills makes a later will, even without notice to, or the knowledge of, the other party, or after the latter's death, the mutual will cannot be admitted to probate, since it is not the testator's last will, and the later will may be admitted, without regard to the fact that it does not comply with the agreement, but it is subject to the rights of interested persons to compel a distribution of the estate under the contract on which the mutual will was founded, their remedy being, however, in equity, and not in the probate court, which has no choice but to distribute the estate under the last will."

An examination of the decisions of the courts of this country discloses that almost without exception they support the above statements of the law.

The trial court correctly admitted the 1933 will to probate.

Appellants contend that since appellees did not, within the year fixed by statute, (§ 7-504, Burns' 1933), file objections to the probate of the 1916 will or an action to contest that will, it must be admitted to probate as the last will and testament of Acelia

Eakright. That position is untenable. This action was brought well within the year. Upon issues joined, it presents, squarely, the question as to which will is entitled to probate. Appellants cannot be heard to say that they should here prevail regardless of the merits of their contention because the same issue was not joined in another and separate action.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 371.