LLOYD E. CONN *vs.* A. MILLICENT STARR.

Middlesex.    April 1, 1957. — May 1, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Evidence,* Relevancy and materiality, Of undue influence. *Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether error harmful. *Undue Influence. Will,* Validity.

At the trial of an issue of undue influence in a contested will case, it was error to exclude evidence offered by the contestant to show the size of the decedent's estate as bearing on the reasonableness of the will; and the exclusion was not rendered harmless by the fact that there was other evidence of the size of the estate differing substantially from that offered by the contestant. [727–728]

It was error at the trial of an issue of undue influence in a contested will case so to instruct the jury as to lead them to believe that for an affirmative answer to the issue they must find that undue influence, besides being effective at the time of the making of the purported will, was exerted on the testator at that time. [728–729]

PETITION, filed in the Probate Court for the county of Middlesex on April 20, 1955, for proof of the will of Willis E. Gowen, late of Melrose.

An issue as to undue influence framed for trial by jury was tried in the Superior Court before *Dowd,* J.

*Morris T. Silverstein,* (*Richard J. O'Neil* with him,) for the contestant.

*Edward J. Bushell,* for the proponent.

SPALDING, J.   These exceptions arise out of a will contest tried to a jury in the Superior Court on an issue framed by the Probate Court, which was as follows: "Was the instrument propounded for probate as the last will of said Willis

E. Gowen procured to be made by the fraud or undue influence of Willis M. Gowen exercised upon the said Willis E. Gowen?" The jury's answer to this question was "No" and the case is here on the contestant's exceptions to various rulings made during the trial.

The evidence pro and con on the issue of undue influence need not be set forth. For a background to an understanding of the exceptions discussed in this opinion the following summary of the evidence will suffice. Willis E. Gowen, the testator, died on April 15, 1955. He was survived by a son, Willis M. Gowen, and a daughter, A. Millicent Starr, who is the contestant. The will here involved was executed on August 12, 1952, and Lloyd E. Conn, an attorney and the proponent, was named as executor. By its terms the testator gave $500 to the contestant, $250 each to two grandchildren, $200 to his son's wife, and $100 to a family friend, Alice E. Kelley; he left the remainder of his estate to his son.

1. During the trial the court "excluded testimony of witnesses [called by the contestant] relating to the size of the decedent's estate," on the ground that such evidence was immaterial. Counsel for the contestant offered to prove that the "decedent possessed cash on deposit in banks amounting to thirty-five thousand to fifty thousand dollars, and real estate valued at about fifteen thousand dollars." To the exclusion of this evidence the contestant excepted. We are of opinion that this evidence ought to have been received. It was relevant as bearing upon the question whether the will was a reasonable one and such as a person free from undue influence would have made. Of course, the fact that the will might be found to be unreasonable would not of itself justify a finding that it resulted from undue influence. Nevertheless, the reasonableness of the will was a matter which the jury could consider and they could not do so intelligently without evidence of the amount of the estate. *Davenport* v. *Johnson,* 182 Mass. 269, 271–272. See *Eddy* v. *Eddy,* 281 Mass. 156, 160. It is true that there was evidence from two other witnesses as to the size of the estate but there was a wide discrepancy as to what the amount

was and both amounts were different from that which the contestant proposed to show. It cannot, therefore, be said that the exclusion of this evidence did no harm.

2. The judge instructed the jury that the question to be decided was whether "at the time . . . [the testator] made the will, and at that moment and no other, what was his condition of mind and what influence, if any, was exerted on him at that moment of the execution of the will. Not six months before or six months after, but at the moment the will was drawn. Was there any undue influence?" Later in his charge the judge said, "And the only question — no other question before you — is did the son exert undue influence upon the father in the making of this will at the moment the will was made. In other words, was that influence exerted, and did it have its effect at that time. Of course, the influence might cover the period before and after the time of making the will; but at the time of making the will, did the influence of the son exert [*sic*] the father and overpower him in his rightful use of his will and intelligence. That is the only question here." To these instructions the contestant excepted and we are of opinion that the exception must be sustained.

It will be noted that not once but four times in the course of his charge the judge told the jury that the decisive question was whether undue influence was exerted on the testator at the "moment" the will was made. From such instructions the jury must have concluded that they could not make a finding of undue influence unless they found that it was exercised at the time the will was executed. That is not the law. True, the undue influence must be operative at the time when the will is made. *Angell* v. *Lighthipe,* 251 Mass. 525, 528. *Thomas* v. *Cortland,* 121 Md. 670. But it need not be exerted at that time. Page on Wills, § 191. *Trust Co. of Georgia* v. *Ivey,* 178 Ga. 629, 641. *Bodine* v. *Bodine,* 241 Ky. 706, 711. *Mowry* v. *Norman,* 204 Mo. 173, 193. *In re Everett's Will,* 105 Vt. 291, 301. *Estate of Weaver,* 191 Wis. 431, 435. It may be — and often is — exerted at times prior to the making of the

will. "The conduct of a trusted advisor prior to the making of a will in which he is named as beneficiary may be such as to amount to undue influence voiding the will, without proof of specific acts of the advisor at the time the will was made." *Doggett* v. *Morse*, 299 Mass. 383, 389–390. This error was not cured, as the proponent argues, by the statement of the judge in one part of his charge that "Of course, the influence might cover the period before and after the time of making the will." This instruction did not counteract what the judge had previously told the jury several times, namely, that the undue influence must be *exerted* at the time the will was made.

Other exceptions need not be discussed as they involve matters that are not likely to arise on a retrial of the case.

*Exceptions sustained.*