IN RE ESTATE OF ELIZABETH MIDDAUGH, DECEASED. ALVA KIMMEL ET AL., APPELLANTS, V. RICHARD ROBERTS ET AL., APPELLEES.

136 N. W. 2d 217

Filed July 9, 1965.   No. 35909.

Edward J. Robins, for appellants.

Richards, Yost & Schafersman, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is an appeal from the judgment of the district court for Dodge County admitting the last will of Elizabeth Middaugh to probate.

Elizabeth Middaugh died on February 9, 1964. She left a will which was duly executed on November 17, 1960. The executors named in the will, Richard H. Roberts and Dwight A. Nuessle, filed their petition for the probate of the will on February 14, 1964. The nieces and nephews of Frank Middaugh, the deceased husband of Elizabeth Middaugh, filed objections to the probate of the will.

The objections to the probate of the will recited that on August 1, 1952, Frank Middaugh and Elizabeth Middaugh executed reciprocal wills pursuant to an oral agreement that each would leave his entire estate to the other and that the survivor would leave his entire estate to the nieces and nephews of the two of them, living at the death of the survivor, share and share alike. Frank Middaugh died on February 13, 1953, and his reciprocal will, executed on August 1, 1952, was duly probated and all of his property passed to Elizabeth Middaugh by the terms of the will. It was asserted that because of the making of the reciprocal will by Frank Middaugh on August 1, 1952, and his death without changing the same, the reciprocal will of Elizabeth Middaugh, also executed on August 1, 1952, became irrevocable, and that her subsequent will executed on November 17, 1960, was a violation of the oral agreement and the reciprocal wills made pursuant thereto. The last will of Elizabeth Middaugh materially changed the distribution of her estate to the benefit of her nieces and nephews and to the detriment of the nieces and nephews of Frank Middaugh, contrary to and in violation of her oral agreement and the reciprocal wills exe-

cuted pursuant thereto. The objectors contend that upon the execution of the reciprocal wills, Elizabeth Middaugh contracted away her right to revoke her reciprocal will of August 1, 1952, that her subsequent will of November 17, 1960, was without authority for her to make, and that the reciprocal will of August 1, 1952, is the last will of Elizabeth Middaugh. Objectors allege the commencement of a suit in the district court for Dodge County to enforce the oral agreement and the reciprocal will of Elizabeth Middaugh made pursuant thereto. Objectors pray that the will of Elizabeth Middaugh executed November 17, 1960, offered for probate be denied and that the reciprocal will previously made be admitted to probate as the last will of Elizabeth Middaugh.

The proponents filed a motion to quash the objections on the ground that the county court is without jurisdiction to enforce an oral agreement embraced within the statute of frauds. The county court sustained the motion to quash the objections and admitted the will to probate. Objectors appealed to the district court. A petition praying for the admission of the will to probate, an answer incorporating the objections to probate filed in the county court, and a reply were filed in the district court. Proponents then filed a motion for a summary judgment which the trial court sustained, and admitted the will to probate. The objectors appealed to this court.

The issue involves the jurisdiction and powers of the county court. There is no issue of fact to be determined.

A reciprocal will, like any other, is revoked by the execution of a later will. Consequently, when a party, who has entered into an agreement to make reciprocal wills makes a later will, either before or after the death of the other party, his reciprocal will cannot be admitted to probate since it is not his last will. The last will may be admitted to probate, even though it does not comply with and is inconsistent with his agreement to make reciprocal wills. This is so even though it is subject to

the rights of affected persons to compel a distribution of the estate under the agreement to make reciprocal wills. The remedy of such affected persons is, however, in equity, and not in the probate court, the latter court having no choice but to distribute the estate under the last will in the absence of a decree of an equity court directing a different disposition under the agreement for reciprocal wills. 97 C. J. S., Wills, § 1366c, p. 298; 57 Am. Jur., Wills, § 716, p. 485; Annotation, 169 A.L.R., Joint, Mutual, and Reciprocal Wills, § 2, p. 53.

Whether or not reciprocal wills of husband and wife constitute a binding contract between them cannot be litigated in a contest of the probate of either will. Lansing v. Haynes, 95 Mich. 16, 54 N. W. 699, 35 Am. S. R. 545; Chitwood v. Collins, 122 W. Va. 267, 8 S. E. 2d 830. This is for the reason that the only issue on a contested probate is whether the purported will is in fact the last will of the decedent. A probate court whose jurisdiction is limited to the determination of such issue lacks power to enforce an agreement between two testators to make wills which are reciprocal in their provisions. Clements v. Jones, 166 Ga. 738, 144 S. E. 319. A probate court cannot refuse to probate a will on the ground that it was made in violation of an agreement to make reciprocal wills. Sumner v. Crane, 155 Mass. 483, 29 N. E. 1151, 15 L. R. A. 447. Nor may a contract to execute reciprocal wills be asserted as a ground for contesting the probate of a later revoking will. Fuller v. Nelle, 12 Cal. App. 2d 576, 55 P. 2d 1248. A claim that a subsequent revoking will is a breach of an agreement for the making of reciprocal wills can properly be asserted in a court of equity, but not in a court of probate either by contesting the later will or by objection to a decree of distribution. In re Estate of Rolls, 193 Cal. 594, 226 P. 608. See, also, Shawver v. Parks (Tex. Civ. App.), 239 S. W. 2d 188; Manrow v. Deveney, 109 Ind. App. 264, 33 N. E. 2d 371.

The action of the trial court in sustaining a motion for summary judgment and admitting the will of Eliza-

beth Middaugh, executed on November 17, 1960, to probate is in all respects correct and the judgment is affirmed.

AFFIRMED.