SAMUEL MARKUS *vs.* ROBERT GROSS. May 9, 1973. This is an appeal from an order of the Probate Court allowing a motion to frame jury issues in the matter of the allowance of the will of Jacob Gross by which he gave the bulk of his estate to his daughter, Eva Markus. The will provided for a small bequest to his son, Robert Gross, the contestant. The judge allowed the motion on three issues: 1. Was the decedent of sound mind? 2. Was the execution of the will procured by the fraud or undue influence of Eva Markus? 3. Was the will executed with a knowledge of its contents by the decedent and an intention that it be his last will? The motion was heard upon statements by counsel of expected evidence. A recitation of the details of those statements would serve no useful purpose. The law

governing the framing of jury issues has often been stated and need not be repeated. We are governed in our consideration by the scope of review applied to such cases. See *Abbott* v. *Noel,* 337 Mass. 133, 138. The contestant's statement for the most part relates matters occurring long after the execution of the will and suggests that Gross may have made a new but undiscovered will during the thirty-four months which intervened between the execution of the proffered will and his death. See *Conn* v. *Starr,* 335 Mass. 726, 728. Nothing in the contestant's statement shows that Eva Markus in fact exercised any undue influence on her father. See *O'Brien* v. *Collins,* 315 Mass. 429, 437-440. At most there was a showing that she had the opportunity to exert undue influence on her father. That is not enough to warrant the framing of a jury issue on that question. *Burns* v. *Dunn,* 340 Mass. 526, 528. There is nothing to show that Gross was of unsound mind or that he was unaware of the contents of his will.

*Order of the Probate Court reversed.*

*Kenneth J. Elias* for the proponent.
*Herbert Abrams* for the contestant.