**THOMAS et al. v. NORTH RIVER INS. CO.**
(No. 541–4281.)

(Commission of Appeals of Texas, Section B.
Dec. 10, 1925.)

1. Insurance ⬦349(3)—Fire insurer held authorized to stipulate for suspension of policy during default in payment of premium notes.

Regardless of Rev. Civ. St. 1911, arts. 4953, 4955, under express provisions of Rev. St. 1925, art. 4895, fire insurance company was authorized to incorporate in premium note stipulation for suspension of policy during default in payment of premium notes.

2. Insurance ⬦349(3)—Right to stipulate for suspension of policy during default in payment of premium note follows from right to extend credit.

The right of fire insurer to stipulate for suspension of policy during default in payment of premium note necessarily follows from right to extend credit and to make regulations dealing with collection of premium under Rev. St. 1925, art. 4895, notwithstanding absence of any such provision in standard form of policy.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by J. C. Thomas and others against the North River Insurance Company. Judgment for plaintiffs was reversed by the Court of Civil Appeals (264 S. W. 589), judgment rendered for defendant, and plaintiffs bring error. Affirmed.

Critz & Woodward, of Coleman, for plaintiffs in error.

Thompson, Knight, Baker & Harris and Jack F. Hyman, all of Dallas, for defendant in error.

SHORT, J. The trustees of school district No. 7, Coleman county, Tex., brought this suit against the North River Insurance Company, a foreign corporation, to recover upon a fire insurance policy issued by defendant in error covering a period of five years, in which $18 in cash was paid and four promissory notes were executed and delivered for the remainder of the premium. There were two insurance policies in fact, one covering tornado, and the other fire. The alleged loss was occasioned by the destruction of the property by fire at a time when one of the notes was past due. There was a provision in all the notes stipulating:

"This note being given in payment of above policy of insurance, it is hereby agreed that, if this note be not paid at maturity, said policy shall be suspended, inoperative, and of no force or effect so long as this note remains overdue and unpaid."

The case was tried without the intervention of a jury, and resulted in a judgment in favor of the school district for the amount of the policy less the unpaid premium represented by the notes. The defendant in error, having given due notice of appeal, prosecuted its appeal to the Court of Civil Appeals, which, upon a consideration of the case, rendered judgment reversing the judgment of the trial court and rendering a judgment in favor of the defendant in error. The school district, through its trustees, has been granted a writ of error by the Supreme Court, based upon the importance of the question involved. A complete statement of the material facts is found in the opinion of the Court of Civil Appeals in volume 264 S. W. 589, on account of which we do not think further statement by us necessary.

The plaintiffs in error have presented thirteen assignments of error in their application for writ of error, nine of which relate to the alleged error committed by the Court of Civil Appeals in construing articles 4953 and 4955 of the Revised Civil Statutes of 1911, both of which are set out in the opinion of the Court of Civil Appeals and need not be repeated here.

Article 4953 provides that the policy issued by any life insurance company shall contain the entire contract between the parties, while article 4955 provides that all the provisions of the laws of this state applicable to life, fire, marine, inland, lightning, or tornado insurance companies, shall, so far as the same are applicable, govern and apply to all companies transacting any other kind of insurance business in this state, so far as they are not in conflict with provisions of law made especially applicable thereto. The contention of the plaintiffs in error is that the provision in the note above quoted is void for the reason that said provision is not contained in the policy as provided by article 4953, while the contention of the defendant in error, which has been upheld by the Court of Civil Appeals, is that the true construction of article 4955 has no relation to life insurance companies or in fact to fire, marine, inland, lightning, or tornado insurance companies, but only has reference to all companies transacting any other kind of business in this state except those mentioned.

[1] It is obvious that in this case the insurance company had the authority, under the laws governing fire insurance companies, to put in the note a stipulation to the effect that, if the note was not paid at maturity, the policy should be suspended and of no force so long as the note remained overdue and unpaid. This we think is clear, regardless of the various statutes discussed, and without any necessity of determining the rather intricate questions as to whether article 4955 would make the law relative to life and other companies applicable to fire companies.

The State Fire Insurance Commission Act (Acts 1913, c. 106) was evidently passed for the purpose of regulating the business of fire insurance in the state, which it does at very

great length. Section 24 of this act became article 4898, Vernon's Complete Texas Statutes, or Vernon's Sayles' Ann. Civ. St. 1914, and is now article 4895 of the Revised Statutes of 1925. This article declares that provisions of this law shall not deal with the collection of premiums, "but each company shall be permitted to make such rules and regulations as it may deem just between the company, its agents, and its policy holders." The succeeding portion of the article shows that at the time the Legislature was dealing with the subject it knew that insurance companies were issuing policies void for nonpayment of premiums at a specified time, and it expressly stated that policies of this character were to be continued in force and effect. The language of the act is substantially as follows: All policies heretofore issued or *which shall hereafter* be issued by any insurance company prior to the taking effect of this act, which provide that said policies shall be void for nonpayment of premiums at a certain specified time shall be and the same are in full force and effect, provided that the company or any of its agents have accepted the premium on said policies after the expiration of the dates named in said provisions fixing the date of payment. This article also contains this language:

"And no bona fide extension of credit shall be construed as a discrimination, *or in violation of the provisions of this chapter*."

This article of the statute is an express declaration that the fire insurance laws of the state do not deal with the collection of premiums, and it expressly grants to each company the right "*to make such rules and regulations as it may deem just between the company, its agents and its policy holders*." Obviously this grant of power to the insurance companies is utterly inconsistent with any provision of the life insurance law which could be construed as limiting it, and, since this statute is a part of the fire insurance laws, made specially for fire insurance companies, it lays down the dominant rule, and must be made effective. Therefore it follows that the insurance company had express statutory power to sell its insurance policy for a note, and to provide that, unless the note was paid, the policy should be suspended, etc.

[2] To place our decision on the other statutes discussed by the Court of Civil Appeals in its opinion (articles 4953, 4955, supra) involves a large amount of labor, and the determination of a question which, as we view it, is not essential, in view of the express statutory power of fire insurance companies to make the type of contract involved. We, however, expressly approve the language of the Court of Civil Appeals with reference to article 4898, Vernon's Complete Texas Statutes, which is now article 4895 of the Revised Statutes of 1925.

The case of Duncan v. United Mutual Fire Insurance Co., the opinion in which was written by a member of this section of the Commission and approved by the Supreme Court, reported in 113 Tex. 305, 254 S. W. 1101, appears to be directly in point. In that case, the negotiable promissory note of the assured provided that the policy should be suspended during default of the giver of the note after due date, and the certificate of the Court of Civil Appeals in presenting the facts shows that a large portion of the premium had been paid at the time of the loss; in fact a sufficient amount had been paid to have protected the insured at the time of the loss had the policy been written on the basis of the increased premium at a shorter period. The contract in this case was for five years. The amount of the premium was certain and was fixed with reference to the period during which the contract should have an existence. The insurance company agreed, in consideration of the reduced premium, that it would insure the district against loss by fire for a certain period, but it provided that, in the event default should be made in the payment of any due note given for a part of this consideration and loss should occur while the note was unpaid after being due, the policy should be inoperative. As was said in the Duncan Case:

"The parties had a right so to contract. The provision was not contrary to any law or to public policy. It was evidently inserted for a legitimate purpose—to aid in securing prompt payment of the premium. It could work no injury to the plaintiff except by his own fault or negligence. Such injury would not be due to the provision of the policy, but to his own default."

We think this language clearly expresses the law of this case.

It may be said that those assignments of error which relate to the apparent admission of the letters of the State Fire Insurance Commission as evidence appear to be well taken, though we do not understand from the opinion of the Court of Civil Appeals that it based its opinion thereon as a material fact necessary to its decision. More than likely these letters were embraced in the record, not as evidence of any material fact, but as expressive of the opinion of a co-ordinate branch of the government, which might well have been considered by the Court of Civil Appeals as indicating the opinion of the State Fire Insurance Commission as to the true meaning of article 4898, now article 4895, supra.

We therefore recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the district court and rendering judgment for the defendant in error, be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.