NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY V. LEM HARRIS.

No. 6897.   Decided June 30, 1937.
Rehearing overruled July 28, 1937.
(107 S. W., 2d Series, 361.)

*Sonfield, Sonfield & Murphy,* of Beaumont, for plaintiff in error.

The provisions of the policies exempting the insurance company from liability for sickness, accident or disability beginning

or occurring while insured was two weeks or more in arrears, being in all things valid, and it being agreed between the parties that insured was more than two weeks in arrears in premium payments at the date of his injury and disability, he is not entitled to recover, notwithstanding his payment of past due premiums subsequent to his injury and disability. Duncan v. Mutual Fire Ins. Co., 254 S. W. 1101; Thomas v. North River Ins. Co., 277 S. W. 1041; United States Fire Ins. Co. v. Ryan, 11 S. W. (2d) 395; Home Ins. Co. v. Puckett, 27 S. W. (2d) 111.

*Howell & Howell,* of Beaumont, for defendant in error.

The insurance company knowing that insured was in arrears and that he was injured and disabled, but accepted all back premiums and one premium for unearned insurance and continued to accept premiums for a year, and had him examined by a physician, waived the provisions of the policy as to arrearage of his premiums. Equitable Life Assurance Soc. v. Ellis, 105 Texas 526, 147 S. W. 1152; Republic Ins. Co. v. Watson, 70 S. W. (2d) 441 (error dismissed); Atlas Life Ins. Co. v. Standifer, 86 S. W. (2d) 852.

MR. JUSTICE SHARP delivered the opinion of the Court.

Lem Harris filed this suit in the district court for an amount in excess of one thousand dollars, and recovered judgment against the National Life and Accident Insurance Company in the sum of $320.00, being a total of forty weekly installments of $8.00 on two policies, which accrued from December 24, 1930, to December 24, 1932, and the further sum of $160.00, being the 20 weekly installments, beginning December 24, 1932, accruing to Harris on both policies during the stated period from such last-mentioned date, making a total of $480.00 accrued installments, without prejudice to his right to collect further weekly installments of insurance benefits as the same accrue, with interest at the rate of six per cent. per annum until paid, and for twelve per cent. penalty, or $57.60, and for the further sum of $100.00 for attorney's fees, and for costs of suit. The Court of Civil Appeals affirmed the judgment of the trial court. 78 S. W. (2d) 1041. Because of the conflicts alleged, a writ of error was granted.

The insurance company denies liability on the policies by virtue of the provision therein that the insured shall not be entitled to sick or accident benefits beginning or occurring when the premium payments are two weeks or more in arrears. On the other hand, the insured contends that when the insurance

company collected and accepted the premium payments and arrearages after the lapse occurred, such acts constituted a waiver and estoppel on the part of the insurance company to deny such liability.

The insurance company issued to Harris two policies of insurance. Both policies were carried by Harris for many years. One was issued to him in 1914 and the other in 1923. Both policies carried death and disability benefits. The aggregate premium on the two policies was $1.00 per week; of which 20¢ was for the death benefits and 80¢ was for the disability benefits. With the exceptions hereinafter noted, Harris seems to have paid all premiums regularly until April, 1932, when he ceased paying them because of the refusal of the insurance company to pay the disability benefits provided for in the policies and involved in this suit. In the meantime Harris became totally disabled on December 24, 1930, as the result of an accidental injury. He was still totally disabled at the time of the trial.

The policies covered both death and disability benefits, as shown by the following stipulation:

"Sec. 4. This policy shall not lapse for nonpayment of premiums until the premiums for four (4) weeks are in arrears; the insured, however, shall not be entitled to sick or accident benefits when premium payments are in arrears for two (2) weeks or more, and the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability beginning or occurring during the period of such arrears. Should the insured die when the premium payments on this Policy are four (4) weeks or more in arrears this Company shall not be liable for any sum under this Policy except as otherwise expressly provided herein."

The policies also provide that "agents (which term includes superintendents and assistant superintendents) are not authorized and have no power to * * * waive forfeitures or to receive premiums on policies in arrears more than four weeks * * *."

On the trial the following agreement with reference to certain facts was made:

"It is agreed that on the 24th day of December, 1930, Lem Harris received a personal injury, which resulted in his total and permanent disability; that at the time of both the injury and the resulting total and permanent disability, the said Lem Harris was more than two weeks in arrears in the premium payments under the policies sued on; that, after the injury and disability, and on the 29th day of December, 1930, Lem Harris paid four weekly premium payments, which were accepted by

the company; that said payments so made after the injury and disability brought the premium payments up to the date of their payment, and the company received payments from time to time under said policies until April, 1932. That there was and is visible external evidence of the accidental injury received which resulted in the disability, and that the premium payments were more than two weeks in arrears at the time of the accident and at the time of the disability complained of."

With reference to the premium payments in arrears for two weeks or more, the following facts appear; It was the custom of the local agent of the insurance company to call at Harris' home and collect and receipt for the premiums each week. Prior to September 15, 1930, the agent called for and collected the weekly premiums before they became as much as two weeks in arrears. The premium which became due September 15, 1930, was not collected until October 4, 1930. The agent thereafter collected and receipted for the regular amount of the weekly premium, and did not demand the payment of the dues in arrears. The agent continued to collect the weekly premiums until after Harris became totally disabled on December 24, 1930. Harris made a premium payment each week, yet he was continuously more than two weeks in arrears until after his injury. When the agent called to collect the premium on December 26th, he learned of Harris' injury, and visited him in the hospital. He then refused to accept the weekly payment of premium. However, on December 29, 1930, he did accept four weekly premiums, which paid up all arrears and the current week's premium, as shown by the agreement.

The Court of Civil Appeals held that the insurance company, having accepted without objection premium payments made by the insured more than two weeks after the due date thereof, waived the provision of the policies suspending disability benefits in case of two weeks' arrearage of premium payments when it continued to collect the current premiums each week without demanding, as it might have done, that the premiums in arrears be first paid.

■ It is undisputed that the insurance company collected several weekly premiums after the insured was in arrears for two weeks. By no word or act was the insured notified or led to believe that his disability benefits under the policies had been forfeited and were not in full force and effect. The forfeiture provision contained in the policies was for the benefit of the insurance company, and such provision certainly could be waived by it. Here the insurance company continued to collect weekly

premiums after failure by the insured to make payment of two weekly premiums, and finally accepted the two premiums in connection with other premiums due on said policies. The insurance company could rely on its policies and forfeit the rights of the insured, or it could waive the forfeiture. A forfeiture may be waived expressly or impliedly. 32 C. J., p. 1136, Sec. 243, subdiv. 1, and cases cited in notes. Both the trial court and the Court of Civil Appeals held that by its acts the insurance company in this instance waived the forfeiture for failure by Harris to pay the two weeks' premiums. The rule has been stated by this Court in the case of Equitable Life Assurance Society v. Ellis, 105 Texas 526, 147 S. W. 1152, 152 S. W. 625, "that a waiver of the forfeiture of a policy of insurance will result, in the absence of any agreement to that effect, from negotiations or transactions with the insured, after knowledge of the forfeiture, by which the insurer recognizes the continued validity of the policy or does acts based thereon."

■ The insurance company contends that the opinion of the Court of Civil Appeals in this case is in conflict with the following decisions: Donaldson v. National Life & Accident Insurance Co., (Civ. App., writ refused) 53 S. W. (2d) 136; National Life & Accident Insurance Co. v. Casillas, (Civ. App., writ dismissed) 63 S. W. (2d) 396; American National Insurance Co. v. Turner, 226 S. W. 487; National Life & Accident Insurance Co. v. Reams, 197 S. W. 332; Duncan v. United Mutual Fire Insurance Co., 113 Texas 305, 254 S. W. 1101; Thomas v. North River Insurance Co., (Com. App.) 277 S. W. 1041; Liverpool & London & Globe Insurance Co. v. Baggett, (Civ. App., writ refused) 275 S. W. 313; Id., 277 S. W. 78; United States Fire Insurance Co. v. Ryan, (Civ. App., writ dismissed) 11 S. W. (2d) 395; and Home Insurance Co. v. Puckett, (Com. App.) 27 S. W. (2d) 111. We shall not undertake to set out the facts in the cases above cited in which a conflict is claimed. A reading of those cases will clearly show that the facts involved in them are not similar to the facts involved in this case, and the decisions therein do not control here.

The Honorable Court of Civil Appeals correctly decided this case, and the judgment of that court will be affirmed.

Opinion delivered June 30, 1937.

Rehearing overruled July 28, 1937.