CENTRAL AMERICAN LIFE INSURANCE
COMPANY, Appellant,

v.

Dorothy Jo KRAUSE, Appellee.

No. 6518.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 17, 1955.

Rehearing Denied Nov. 21, 1955.

Crenshaw & Griffith, Lubbock, for appellant.

Richard F. Stovall, Floydada, for appellee.

MARTIN, Justice.

Appellant, Central American Life Insurance Company, issued its policy of insurance No. 1677 to Dan M. Krause on September 18, 1952. The policy of insurance was in the amount of $5,000 and provided for double indemnity in the case of accidental death of the insured. Appellee, Dorothy Jo Krause, was named as beneficiary in said policy. The premiums on the policy were payable monthly in advance in the sum of $33.08 on the 18th day of each month and the policy contained a provision allowing thirty days' grace on the payment of premiums.

Dan M. Krause was found dead June 25, 1953, near his wrecked pickup. Notice of the death of Dan M. Krause was given to appellant and due proof of such death was likewise furnished the appellant company. Appellant denied liability under the policy. Appellee filed suit for the amount of the policy including double indemnity for the accidental death of the insured and also sought the statutory penalty and attorney's fees.

The facts in the cause will not be detailed but the record reveals appellant accepted the October 18, 1952, premium on the policy of insurance on December 21, 1952, and also accepted the February 18, 1953, premium on April 6, 1953, despite the policy provision allowing only thirty days' grace as to payment of premiums. Appellant had authority to draw drafts on Krause for premiums and a draft drawn by the appellant company for the premium due April 18, 1953, was returned unpaid and on May 6, 1953, a letter was written by the appellant company to Krause advising that the draft for the April premium in the amount of $33.08 had been returned with the notation "account closed". The company asked a new draft authorization and the name of the bank with which Krause was then doing business. Thereafter, on May 8, appellant deposited in the bank a draft drawn on Krause for the premium due on May 18th which draft was paid on May 22, 1953 and the payment was accepted by the company. Upon the above facts in the record, the principal issue raised by appellant, as revealed by its first, second, third, fourth, fifth and sixth points of error, is with relation to whether or not the action of appellant in drawing the draft on May 6, 1953, for the premium due on May 18, 1953 and in accepting payment thereof on May 22, 1953, constituted a waiver of any forfeiture of the policy due to non-payment of the April 18, 1953, premium.

The trial court submitted to the jury two issues on the proposition stated above. Such issues and the jury's answers thereto are as follows:

"Special Issue No. 1
    "Do you find from a preponderance of the evidence that at the time defendant drew the premium draft for May it knew the April premium payment had not been received upon the policy?
"Answer: Yes

"Special Issue No. 2
    "Do you find from a preponderance of the evidence that defendant, by drawing and receiving the money on the May draft, intended to treat the policy as being in force and effect at such time?
"Answer: Yes."

The jury further found in answer to Special Issue No. 3 that Dan M. Krause died as a result of accidental injuries occasioned solely by external violence to said decedent. The jury found a reasonable attorney's fee in the cause to be the sum of $2,500. Upon this verdict, the trial court entered judgment for appellee that she recover of and

from the appellant company the sum of $10,000 less the sum of $165.40 due the defendant for unpaid premiums. The court further awarded $1,200 statutory penalty for failure of the company to pay the policy within thirty days of the notice thereof and also allowed the sum of $2,500 as reasonable attorney's fees. Appellant company perfected an appeal from this judgment and assigned 13 points of error. As indicated, the first, second, third, fourth, fifth and sixth points of error essentially involve the proposition of whether there was a waiver of the forfeiture of the policy and likewise whether the verdict of the jury was sufficient.

An adjudication of the principal issue as to whether there was a waiver of forfeiture of the policy and as to the sufficiency of the jury verdict will dispose of appellant's first six points of error. Special Issue No. One inquiring as to whether the defendant company drew the draft for the May premium at a time it knew the April premium had not been received, merely involves an evidentiary matter. Since non-payment of the premium due April 18 would not work a forfeiture of the policy until the 30 day grace period expired on May 18, a waiver of the forfeiture would not be effected by the fact found by the jury under Special Issue No. One above. The policy remained in full force and effect until May 18 regardless of the non-payment of the April premium on April 18th. " * * * a person cannot waive a right before he is in a position to assert it". 67 C.J., Waiver, Page 299, Sec. 4; 92 C.J.S., Waiver, P. 1055. But no material harm could accrue to the appellant by the submission of such issue as this fact was revealed by appellant's own records.

Under Special Issue No. 2, the jury found that the defendant by drawing and receiving the money on the May draft intended to treat the policy as being in full force and effect at such time. Upon this issue, the controlling fact is that appellant received the money on the May draft on May 22, 1953, after the 30 day grace period had expired as to the April

18th payment and at a time appellant was in a position to assert the forfeiture of the policy for non-payment of the April premium. "Waiver involves the voluntary relinquishment of some known right which is at the time available; * * *." 67 C.J., Waiver, Page 299, Sec. 4. It is material, solely as a matter of evidence, that the appellant company knew the April 18th premium draft had been returned to it unpaid prior to May 8th when it deposited its draft for the premium due May 18th. Although appellant company could not on May 8th assert a forfeiture of the policy, it was put on notice that the draft for the April 18th premium had been returned to it. This fact in conjunction with the further fact that it admittedly received the money for the May premium on May 22nd is sufficient to establish a waiver of the forfeiture of the policy due to non-payment of the April 18th premium prior to May 18th. As stated by the Supreme Court in Equitable Life Assur. Society of the United States v. Ellis, 105 Tex. 526, 147 S.W. 1152, 1156:

> "We fully subscribe to the doctrine that in such cases the forfeiture occurs ipso facto, and no act of the company need be done either to declare it or enforce it. But of equal force and dignity is the further fundamental principle that a provision for forfeiture for nonpayment of premiums when due is for the benefit of the insurer and may be waived by it. No act need be done to declare the forfeiture, but some act may be done that will waive it, * * *."

It is a sound proposition under the record that appellant company upon the return of the draft for the April 18th premium could have withheld the drawing and deposit of the draft for the May 18th premium until it determined whether the April premium would be paid. But, with full knowledge that the April premium draft had been returned to it, the appellant drew a draft for the May premium which it deposited on May 8th. It must be further borne in mind that under the thirty day grace period appellant could have drawn

a draft and collected the May premium at any time prior to June 18th without the policy being forfeited. By its conduct, appellant waived the forfeiture of the policy in this cause and the evidence supports the jury finding that in receiving the money on the May draft the appellant intended to treat the policy as being in full force and effect. Appellant further urges that the jury verdict on this issue is not sufficient but it must be observed that under the evidence in the cause, established solely by appellant's written records, the trial court might have resolved the issue without the submission of the same to the jury. The court did not err in submitting Special Issue No. Two and no harm could result to appellant under the submission of either Special Issue No. One or No. Two as appellant's own records and admissions support the legal principle that the forfeiture of the policy was waived. Equitable Life Assur. Society of the United States v. Ellis, supra; Calhoun v. The Maccabees, Tex.Com.App., 241 S.W. 101; Stone v. Brady Mut. Life Ins. Ass'n, Tex.Civ.App., 2 S.W.2d 538; Home Benefit Ass'n of Brazos County v. Catchings, Tex.Civ.App., 38 S.W.2d 386, writ refused; National Life & Accident Ins. Co. v. Harris, 130 Tex. 168, 107 S.W.2d 361. Appellant's first six points are overruled.

■ Under appellant's seventh point of error, the trial court did not err in reopening the case and permitting appellee to present new evidence on the question of a reasonable attorney's fee. The trial court is allowed wide discretion under Rule 270, Vernon's Annotated Texas Rules of Civil Procedure, in permitting the introduction of additional evidence. Red River Valley Pub. Co., Inc., v. Bridges, Tex.Civ.App., 254 S.W.2d 854. Appellant's seventh point is overruled.

Appellant's eighth point of error with reference to the submission of Special Issue No. 1 to the jury, as hereinabove quoted and discussed, has been disposed of by the above ruling of the court.

■ Appellant's ninth point of error with reference to its objection to Special Issue No. 2 reveals that appellant received the money for the May premium after May 18th when a forfeiture could have been declared as to the policy due to non-payment of the April premium. The evidence in the record supports the jury finding that the appellant company intended by drawing the draft and receiving the money thereon to treat the policy as being in full force and effect. Further, as pointed out hereinabove, if the evidence as to intent of the appellant in drawing the draft for the May premium and receiving the money thereon fails to establish a controverted issue of fact, it is because such issue has been established by all the evidence in the cause. Appellant admitted it accepted the money for the May 18th premium at a time when the right of forfeiture existed as to the non-payment of the April 18th premium. The trial court did not err in submitting Special Issue No. 2 to the jury and appellant's ninth point of error is overruled.

■ Appellant's tenth, eleventh and thirteenth points of error seek to set aside the penalty and reasonable attorney's fee awarded in the judgment of the trial court. The evidence in the record supports the jury findings on the issue of attorney's fee as well as the court's submission of such issue to the jury. The penalty, interest and attorney's fee were correctly based on the full face value of the policy including the amount due for accidental death. Art. 3.62, Insurance Code, Vernon's Texas Civil Statutes, Vol. 14; Western Reserve Life Ins. Co. v. Burchfield, Tex.Civ.App., 149 S.W.2d 125; Trevino v. American Nat. Ins. Co., 140 Tex. 500, 168 S.W.2d 656.

Appellant's twelfth point of error merely asserts that the trial court erred in overruling defendant's motion for directed verdict for the reason that the greater preponderance of the evidence proved that the policy of insurance in issue had lapsed for non-payment of premiums and that nothing had been done to revive or renew such policy and that the defendant was not estopped

to assert such lapse nor had it waived such lapse. This point of error has been ruled upon in the rulings of the Court hereinabove made and is accordingly overruled.

The judgment of the trial court is affirmed.