SUSAN M. BOHANNON, APPELLANT, V. GUARDSMAN LIFE INSURANCE COMPANY, AN IOWA CORPORATION, APPELLEE.
400 N.W.2d 856

Filed February 13, 1987.   No. 85-648.

Daniel J. Duffy and Kurt F. Tjaden of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Raymond M. Crossman, Jr., of Crossman, Norris & Hosford, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Plaintiff appeals an order from the district court for Douglas County sustaining the defendant's motion for summary judgment and denying the plaintiff's motion for summary judgment in a suit seeking payment of the proceeds of a life insurance policy.

On October 22, 1977, the defendant issued a life insurance policy for $100,000 on the life of the decedent, plaintiff's husband, plaintiff being the beneficiary of the policy. A premium of $33.92 was payable on the 22d of each month by preauthorized check, which premium when paid covered the decedent through the 22d of the following month. The policy contained a 31-day grace period, during which time the policy remained in effect in the event a payment was not timely made.

On June 25, 1980, the decedent died. The defendant denied the plaintiff's claim for the proceeds of the policy due to an alleged lapse of the policy for nonpayment of the April 22, 1980, premium. The plaintiff brought suit against the defendant for the proceeds of the policy, but the district court sustained the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment. The plaintiff appeals.

The plaintiff asserts the district court erred in sustaining the defendant's motion for summary judgment and in denying the plaintiff's motion for summary judgment when it failed to find that (1) by accepting premiums after the alleged lapse of the policy the defendant recognized the continued validity of the policy as a binding obligation upon it, which constituted an effective waiver of forfeiture for nonpayment of premiums; (2) the defendant's acceptance of the plaintiff's tender on August 14, 1980, of the April 22 premium waived the policy provisions regulating mode of payment; and (3) an insurer which gives one reason for its conduct and decision as to a matter involving controversy cannot, after litigation has begun, defend upon another and different ground.

Before we proceed with our disposition of those issues we must set forth the guidelines we follow in cases with this procedural posture, that posture being when the lower court has denied one party's motion for summary judgment and

sustained the other party's motion for summary judgment. "The requirements to sustain a motion for summary judgment are the same whether one party or both parties have moved for summary judgment." *Hiram Scott College v. Insurance Co. of North America*, 187 Neb. 290, 295, 188 N.W.2d 688, 691 (1971). The requirements necessary to sustain a motion for summary judgment are the absence of any genuine issue of material fact or the absence of any genuine issue regarding the ultimate inferences to be drawn therefrom. *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985).

Because we find as a matter of law that the facts as presented constitute waiver by the defendant of any right to declare a forfeiture, we reverse the district court's order sustaining the defendant's motion for summary judgment and remand this cause with directions to enter judgment for the plaintiff.

The additional facts necessary to understand the plaintiff's first assertion of error are as follows: On April 22, 1980, the April premium was due. On that day a preauthorized check was drawn on decedent's account. On May 12 that check was returned to the defendant for insufficient funds. On May 22 the defendant sent a letter to the decedent, stating that the April premium check had been dishonored and requesting a replacement check by June 6, 1980, to keep the policy in force. On June 5 the defendant received a replacement check from the decedent. That check was deposited on June 16 and dishonored by decedent's bank on June 23, 1980. On June 25, 1980, the decedent died.

Meanwhile, on May 22, 1980, the preauthorized check for the May premium was drawn on the decedent's account. This check was deposited by the defendant on June 21 and cleared the decedent's bank on June 25, 1980. That check contained the following language: "This check when paid is a receipt for amounts due on the policies listed. The date of this check indicates the premium due month."

From these facts the plaintiff argues that by accepting the May 22 premium the defendant recognized the continued validity of the policy as a binding obligation upon it and thereby waived any right it had to declare a forfeiture for nonpayment of the April 22 premium. If the plaintiff's argument is accepted,

the May 22 premium payment would have paid the policy through June 22, and the 31-day grace period would have covered the decedent on June 25, the day of his death.

In *Tighe v. Security Nat. Life Ins. Co.*, 191 Neb. 271, 214 N.W.2d 622 (1974), we set forth what a plaintiff must show to prove a case of waiver in a situation such as this. The rule is that "some act or conduct amounting to a recognition of the continued validity of a policy as a binding obligation upon the insurer is necessary to constitute an effective waiver of policy provision for forfeiture for nonpayment of premiums." *Id.* at 275-76, 214 N.W.2d at 625.

Waiver was found in *Central American Life Ins. Co. v. Krause*, 284 S.W.2d 192 (Tex. Civ. App. 1955), a case with facts almost identical to the present case. In that case, Krause had given the insurance company authority to draw drafts on his bank for premiums due on his life insurance policy. The company drew a draft for the premium due April 18, 1953, which was returned unpaid. On May 6, 1953, the company wrote a letter to Krause advising him that the draft had been returned with the notation "account closed." The company then asked for a new draft authorization and the name of the bank with which Krause was doing business. Then, on May 8, the company deposited a draft for the premium due on May 18, which was paid on May 22, 1953. In reviewing these facts the court stated:

> It is material . . . that the appellant company knew the April 18th premium draft had been returned to it unpaid prior to May 8th when it deposited its draft for the premium due May 18th. Although appellant company could not on May 8th assert a forfeiture of the policy [because the policy contained a 30-day grace period], it was put on notice that the draft for the April 18th premium had been returned to it. This fact in conjunction with the further fact that it admittedly received the money for the May premium on May 22nd is sufficient to establish a waiver of the forfeiture of the policy due to non-payment of the April 18th premium prior to May 18th.

*Id.* at 194.

Although the trial court submitted the issue of waiver to the jury, the appellate court determined the facts were such that the trial court could have resolved the issue as a matter of law based solely on the company's written records. The court explained its finding of waiver as follows:

> It is a sound proposition under the record that appellant company upon the return of the draft for the April 18th premium could have withheld the drawing and deposit of the draft for the May 18th premium until it determined whether the April premium would be paid. But, with full knowledge that the April premium draft had been returned to it, the appellant drew a draft for the May premium which it deposited on May 8th.

*Id.*

Similarly, in the case before us, the defendant, which had notice of the April dishonor, could have withheld the drawing and deposit of the draft for the May 22 premium until it determined whether the April premium would be paid. This it did not do. By drawing the May premium before it determined whether the April premium would be paid, the defendant did an act amounting to a recognition of the continued validity of the policy as a binding obligation upon it. That act constituted an effective waiver of the right to declare a forfeiture for nonpayment of the April premium.

The defendant asserts, however, that it had a right to draw the May premium and apply it back to the overdue April premium. If one accepts that proposition, the April premium was paid, the May premium was not, and the policy lapsed on June 22, 1980, 3 days before the decedent died. We do not, however, accept that proposition.

The check drawn on May 22, 1980, contained the following language: "This check when paid is a receipt for amounts due on the policies listed. The date of this check indicates the premium due month." The defendant argues that the first sentence means it has the right to apply the May payment to the overdue April premium. This, however, ignores the only logical reason the second sentence was included on the check. That sentence can only mean that a payment drawn during a certain month is to be applied to that month's premium. See *Dickerson*

*v. Equitable Life Assur. Soc.*, 631 F.2d 99 (8th Cir. 1980). Consequently, the May payment could not be applied to the overdue April premium, and the defendant's argument is without merit.

Because we have determined that the defendant waived its right to declare a forfeiture as a matter of law, we need not address the plaintiff's other contentions of error. Accordingly, we reverse the order of the district court sustaining the defendant's motion for summary judgment and remand this cause to the district court with directions to enter judgment sustaining plaintiff's motion for summary judgment, together with a reasonable sum as attorney fees as provided by Neb. Rev. Stat. § 44-359 (Cum. Supp. 1986). The appellee is ordered to pay to the appellant $1,000 for the services of her attorney in this court.

REVERSED AND REMANDED
WITH DIRECTIONS.