IN RE ESTATE OF ALMA Z. THOMPSON, DECEASED.
LOIS C. THOMPSON, APPELLANT, V. GEORGE W. HAESSLER,
SPECIAL ADMINISTRATOR OF THE ESTATE OF ALMA Z. THOMPSON,
DECEASED, APPELLEE.

407 N.W.2d 738

Filed June 19, 1987.   No. 85-739.

Wilbur C. Smith of Smith & Hansen, and H. Jeanne Thorough, for appellant.

Gerald L. Friedrichsen of Fitzgerald & Brown, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Alma Z. Thompson died on July 15, 1984, at the age of 90, while domiciled in Saunders County, Nebraska. On July 16, 1984, appellee filed a petition in the county court for Saunders County seeking formal probate of the will of Mrs. Thompson, in which will appellee was named personal representative. The will had been executed on March 2, 1972. Appellee was appointed special administrator of the estate.

. Appellant, Lois C. Thompson, filed an "Objection to Probate of Will," in which she alleged an interest in the estate of Alma Thompson arising out of appellant's marriage to Verner Thompson, whom appellant alleged had been named as the son of Alma Z. and Ernest L. Thompson, and the fact that the testatrix allegedly "had promised all of her estate after her death to her son, Verner LeRoy Thompson, and if he predeceased her, then all of her estate to his wife, Lois C. Thompson." In that pleading appellant also alleged that Verner Thompson had died before testatrix; that testatrix and her deceased husband, Ernest Thompson, had executed a joint and mutual will on August 10, 1961; and that, by the terms of that joint will, Alma Thompson and her husband provided that at the time of the death of the first, the survivor of the two would have a life estate in all the couple's property and that on the death of the survivor of the two, the property was to be given to appellant.

Upon examining the filed objection, the county court continued the hearing on the probate of the March 2, 1972, will, to afford appellant time to transfer the case to the district court for Saunders County if she desired. Pursuant to the provisions of Neb. Rev. Stat. § 30-2429.01 (Cum. Supp. 1982), appellant did so.

In the district court, appellee filed a motion for summary judgment, seeking judgment in favor of appellee by determining that the will of March 2, 1972, was valid. The district court granted appellee's motion, entered summary judgment in favor of appellee, and remanded the cause to

county court for further proceedings. Appellant timely appealed to this court, assigning as error: (1) The trial court "failed to give credence to the affidavits of contestant [appellant] which raises [sic] the issue of testementary [sic] capacity of textatrix [sic] . . ."; (2) the trial court failed to follow properly the "statutory method of will contest . . ."; and (3) the trial court failed "to interpret the new probate code which allows equity jurisdiction in all probate matters . . ." where the contestant, in order to prevent fraud, proposed to show that testatrix had made a joint will in 1961 which would have transferred the estate of testatrix to appellant. We affirm the order of the district court.

We have held that summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from material facts, and when the moving party is entitled to judgment as a matter of law. *Bohannon v. Guardsman Life Ins. Co.*, 224 Neb. 701, 400 N.W.2d 856 (1987). In considering a motion for summary judgment, the evidence is to be viewed in the light most favorable to the party against whom the motion is directed, giving to that party the benefit of all reasonable inferences which may be drawn from the evidence. *Naidoo v. Union Pacific Railroad*, 224 Neb. 853, 402 N.W.2d 653 (1987); *Deutsche Credit Corp. v. Hi-Bo Farms, Inc.*, 224 Neb. 463, 398 N.W.2d 693 (1987).

The evidence in the case at bar, when viewed in the light most favorable to the appellant, shows that the testatrix, Alma Thompson, was married to Ernest Thompson. The record, by way of the certified copy of the entire probate of Ernest Thompson's estate, indicates that the couple had no children. Appellant's pleadings in this case allege, in the appellant's "Objection to Probate of Will," that Verner LeRoy Karlson was accepted by Ernest and Alma Thompson into their home, that the child's last name was changed to Thompson, and that the couple raised him as their son. There is no indication in the record that a legal adoption took place.

Appellant's objection to the probate then alleges that Verner Thompson died on March 7, 1970. The record indicates that on

July 24, 1970, the testatrix's husband, Ernest Thompson, died intestate. His estate was probated in Saunders County beginning July 31, 1970, and concluding on June 16, 1972, when Alma Thompson was discharged as administratrix of the estate. The final decree for the settlement of the Ernest Thompson estate lists as his sole and only heirs at law his widow, two sisters, and several nieces and nephews. That final decree does not name, as heirs at law or as devisees, the children born to Verner Thompson and appellant, Lois Thompson.

Affidavits received at the hearing further show that on March 2, 1972, Alma Thompson executed a will. As stated above, a petition for formal probate of this will was filed, and an objection to probate of that will was filed by appellant, Lois Thompson. The objection alleged that the will could not be admitted to probate because of the existence of a joint and mutual will executed by Alma and Ernest Thompson on August 10, 1961. The objection alleged that the joint and mutual will was to give to the survivor a life estate and that upon the death of the remaining parent, the estate would pass to Lois Thompson.

At the hearing on the motion for summary judgment filed by proponent appellee, the appellee offered into evidence affidavits of the witnesses to the will attesting to the testatrix's testamentary capacity, as well as to the execution of the will itself; his own affidavit as attorney for testatrix; the record of the proceedings in the Ernest Thompson estate; and the certificate of death of Alma Thompson. Appellant, as objector to the will, offered as evidence two affidavits setting out her relationship to testatrix and challenging the decedent's testamentary capacity. The proponent objected to the affidavits in their entirety on the grounds of relevance and to specific paragraphs on the grounds that they were hearsay and conclusions.

Appellant contends that the district court erred in failing to give credence to the affidavits introduced by objector, which allegedly raised the issue of the testatrix's testamentary capacity, and that the district court did not follow proper procedures. Neb. Rev. Stat. § 30-2431 (Reissue 1985) provides that the proponent of a will has the burden of establishing prima facie

proof of due execution, death, testamentary capacity, and venue and that an objector or contestant has the burden of establishing undue influence, fraud, duress, mistake, or revocation. The statute further provides that "[p]arties have the burden of persuasion as to matters with respect to which they have the initial burden of proof." The affidavits submitted by appellee established, without dispute, prima facie proof of a valid will executed by the testatrix.

The objector offered her affidavit and that of DeLene Maxwell. Typical of the appellant's affidavit was paragraph 14, which stated:

Based upon Lucille Larson's observations of Alma Z. Thompson, which she conveyed to me during our numerous conversations throughout the years, and based upon my own observations of Alma Z. Thompson made in December 1971 and January and February of 1972, Alma Z. Thompson was suffering from severe emotional and mental problems resulting from the death of her husband, Ernest L. Thompson and Verner L. Thompson, who Alma claimed as her son, she would not have had the emotional and mental capacity to change and execute a will, and would have been a good subject, in that condition, to succum [sic] to undue influence.

Typical of DeLene Maxwell's affidavit was paragraph 8, which stated:

That I accompanied Lois C. Thompson on or about December 10, 1984 to the apartment of Howard Johnson; that in my presence, Lois C. Thompson asked Mr. Johnson, if he had been a neighbor of Alma Z. Thompson; if he knew and was acquainted with Alma A. [sic] Thompson; if he had helped Alma Z. Thompson and had conversations with her; Howard Johnson stated he had moved next door to Alma Z. Thompson in 1978; that he would cut her grass and had conversations with her; that she invited him into her home and upon entering he seen [sic] pictures of the family on the piano; that she showed him a picture of Verner saying "this is my son, Verner" and showed him a picture of her five grandchildren saying "these are my grandchildren."

Both affidavits set out the conclusions of the affiants that in "late 1971 and early 1972" (DeLene Maxwell) and "in December 1971 and January and February of 1972" (appellant), Alma Thompson did not have capacity to make a will. These affidavits were objected to by appellee as being irrelevant and in part hearsay and conclusions. The district court overruled the objection as to relevance, but sustained appellee's objection to specific paragraphs as being hearsay and conclusions. The district court properly sustained appellee's objection on hearsay and was correct in the determination that portions of the affidavits were conclusory. While a nonexpert witness who is shown to have had intimate acquaintance with a deceased may be permitted to state an opinion concerning the mental condition of the deceased, the person testifying must give the facts and circumstances upon which the opinion is based. *In re Estate of Fehrenkamp*, 154 Neb. 488, 48 N.W.2d 421 (1951). Appellant's affidavits do not set out any facts and circumstances upon which the affiants' opinions could be based. The affidavits themselves, without the specific paragraphs objected to, do not carry the burden necessary to rebut the proponent's prima facie case of a valid will. The district court properly sustained appellee's objection to the appellant's affidavits and did not err in sustaining appellee's motion for summary judgment. Appellant's contention that the district court followed a wrong procedure is also without merit.

Insofar as appellant claims as error that the district court erred in failing to interpret the probate code to allow equity jurisdiction in probate matters, when the contestant is within the legal framework to prevent fraud and multiplicity of suits, it appears from appellant's assigned error and her brief that she is referring to the court's failure to acknowledge the joint and mutual will allegedly executed by the decedent and her deceased husband on August 10, 1961. Appellant's argument is without merit. The record shows, without dispute, that the decedent's husband died intestate. Appellant has not addressed, factually or legally, the uncontroverted fact that the county court for Saunders County in 1970 determined that Ernest Thompson had died intestate and apparently did not leave a will, mutual and joint or otherwise.

Even if a 1961 will had been executed by testatrix, and even if that will was a joint and mutual will, the fact remains that the 1961 will could not be admitted to probate because it was not the last will of Alma Thompson in 1984. Without objection on any basis, factual or legal, the proceedings in the instant case established that the last will of Alma Thompson was her will executed on March 2, 1972. The district court correctly so held. See *Kimmel v. Roberts*, 179 Neb. 25, 136 N.W.2d 217 (1965).

Further, if the testatrix had executed a will in 1961, that will was effectively revoked by the execution of the will of March 2, 1972. Appellant argues the joint will could not be revoked. Execution of a mutual will, without more, is not a bar to the modification or revocation of the mutual will. *Kimmel v. Roberts, supra; McKinnon v. Baker*, 220 Neb. 314, 370 N.W.2d 492 (1985). Appellant's assigned error in this regard is also without merit.

We hold, then, that the district court was correct in its determination that there was no genuine issue as to a material fact and appellee was entitled to judgment as a matter of law. The order of the district court sustaining appellee's motion for summary judgment is affirmed.

AFFIRMED.

WHITE, J., not participating.