IN RE ESTATE OF LOUIE H. VILLWOK, DECEASED.
JANET ANDERSON ET AL., APPELLANTS, V. ROSE M. VILLWOK,
APPELLEE.

413 N.W.2d 921

Filed October 23, 1987.   No. 85-988.

George E. Brugh, for appellants.

David T. Schroeder, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
and GRANT, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Janet Anderson, Elaine Jane Wesely, and Marilyn Smith, who are objectors to the probate of the will of Louie H. Villwok, appeal from an order of the district court for Saunders County, sustaining a motion for summary judgment filed by appellee, Rose M. Villwok, proponent of the will, dismissing appellants' objections to probate of the will, and remanding the action to the county court for further probate proceedings. We reverse the order and remand the cause to the district court for further proceedings.

The record before us shows the following. Louie Villwok, age 64, died on November 12, 1984, while a resident of Cedar Bluffs, Nebraska. He left surviving him his wife, Rose Villwok, and the appellants, who are three daughters from a previous marriage between decedent and Elaine Villwok. That marriage ended in divorce in 1973. Rose Villwok's previous marriage ended in divorce in 1972. The decedent and the appellee were married on March 5, 1974. On November 17, 1977, decedent executed a will which provided that Rose Villwok would receive the entire estate in the event that she survived decedent. Had Rose Villwok predeceased decedent, the will provided that each of the testator's daughters from his previous marriage and each of the daughters of Rose Villwok from her previous marriage would receive a general bequest of money and a portion of the residue.

On November 28, 1984, in the county court for Saunders County, appellee filed an "Application for Informal Probate of Will and Informal Appointment of Personal Representative" of Louie Villwok's will. On December 24, 1984, appellants filed an objection to the probate of the will. On February 19, 1985, appellee filed a "Formal Petition for Complete Settlement after Informal Testate Proceeding." An inventory filed by the personal representative, Rose Villwok, indicates a total estate in the amount of $430,985. On April 1, 1985, appellants filed an objection to probate of the will and a "Notice of Transfer" of the matter to the district court pursuant to Neb. Rev. Stat. § 30-2429.01 (Reissue 1985). Appellants alleged that the will was not a valid will of the decedent for the following reasons: (1) that the will was not subscribed and attested in accordance

with Nebraska law; (2) that decedent lacked testamentary capacity at the time of the making of the will; and (3) that the will was a result of undue influence of Rose Villwok.

Appellee filed a motion for summary judgment. At the hearing on the motion for summary judgment, Rose Villwok offered eight exhibits, all of which were received into evidence without objection. Included were the deposition of appellee, the depositions of each appellant, and the affidavit of Marie Kobza, who witnessed decedent's signature to the will. Appellants offered in evidence an affidavit of Ernest Villwok and the affidavits of each of the three appellants. The trial court sustained objections to these four affidavits.

Appellants allege two assignments of error: (1) The district court erred in sustaining the appellee's objections to appellants' offer of the four affidavits, and (2) the court erred in granting the appellee's motion for summary judgment. We turn first to the four excluded affidavits.

In the affidavit of Ernest Villwok, brother of decedent, the affiant states that he "was very well acquainted with my brother and was familiar with his handwriting and signature" and that "it is my opinion that the purported signature of Louie H. Villwok is not that of my brother and that the signature shown on said document [the will] does not appear to be my brother's handwriting." If properly admitted into evidence, this affidavit would raise an issue of fact as to the validity of decedent's signature.

Appellee alleges that appellants have not raised as an issue the validity of the signature appearing on the will. This is not correct. In their objections, the appellants alleged that "the Will was not subscribed and attested in accordance with Nebraska law." This court held in *In re Estate of Renter*, 148 Neb. 776, 779, 29 N.W.2d 466, 468 (1947):

> Clearly, the act of signing is one of the elements constituting the execution of a will. When contestants presented the objection that the will was not executed in manner and form as required by law, they presented an objection which included the question of whether the signature on the instrument was that of the alleged testator.

Thus, by alleging that the will was not "subscribed and attested in accordance with Nebraska law," appellants' pleadings were sufficient to raise the issue of the signature's validity.

Once raised, sufficient evidence must be offered to create a question of fact as to that issue. Ernest Villwok's affidavit provides sufficient evidence to raise a question of fact as to the validity of the signature. We hold that the district court erred in sustaining appellee's objection to this affidavit.

In connection with summary judgments, Neb. Rev. Stat. § 25-1334 (Reissue 1985) requires that "[s]upporting and opposing affidavits [1] shall be made on personal knowledge, [2] shall set forth such facts as would be admissible in evidence, and [3] shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ernest Villwok, because of his stated familiarity with decedent's signature, may testify as to the validity of that signature. Neb. Rev. Stat. § 27-701 (Reissue 1985) provides:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Clearly, the affidavit of Ernest Villwok was based on his perception and would be helpful to determination of a fact in issue. His affidavit should have been received in evidence. When received, the affidavit raises a question of fact, and summary judgment is then not appropriate.

The district court was correct in excluding the three affidavits of appellants. Construing § 25-1334, this court stated that " ' "[u]nder this provision [Fed. R. Civ. P. 56(e)], therefore, statements in affidavits as to opinion, belief, or conclusions of law are of no effect. The same is true of summaries of facts or arguments, and of statements which would be inadmissible in evidence * * *." ' " *Hanzlik v. Paustian*, 216 Neb. 575, 579-80, 344 N.W.2d 649, 652 (1984), citing *Eden v. Klaas*, 165 Neb. 323, 85 N.W.2d 643 (1957). The *Eden* court, quoting *Engl v. Aetna Life Ins. Co.*, 139 F.2d 469 (2d Cir. 1943), stated at 328, 85 N.W.2d at 646: " 'Hence we

have often held that mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment. . . .' " Exclusion of those affidavits, however, does not determine the appeal, because the same allegations, in more detail, were set out in the deposition of each affiant. Those depositions were received in evidence at the summary judgment hearing.

In support of the second assignment of error appellants have alleged that decedent lacked testamentary capacity and that the will was the result of undue influence of Rose Villwok on the decedent.

Appellants first contend that as a result of decedent's frequent drinking and resulting intoxication, he lacked the requisite testamentary capacity to make his will. The record, however, reveals no evidence that decedent was intoxicated on the day and at the time the will was executed.

One possesses testamentary capacity if he understands the nature of his act in making a will, knows the extent and character of his property, knows and understands the proposed disposition of his property, and knows the natural objects of his bounty. *In re Estate of Schoch*, 209 Neb. 812, 311 N.W.2d 903 (1981); *Anderson v. Claussen*, 196 Neb. 787, 246 N.W.2d 586 (1976). Such capacity is tested by the state of a testator's mind at the time the will is executed. *In re Estate of Schoch, supra*.

With regard to the undue influence allegation, the record provides sufficient evidence to create a question of fact. The elements which must be proved in order to successfully contest a will on the ground of undue influence are that (1) the testator was subject to undue influence, (2) there was an opportunity to exercise such influence, (3) there was a disposition to exercise such influence, and (4) the result was clearly the effect of such influence. *In re Estate of Price*, 223 Neb. 12, 388 N.W.2d 72 (1986).

The question is not answered by the statement in appellee's brief at 13, "The burden of proof with respect to the issue of undue influence is on the Objectors or Contestants." That statement is correct, but is not dispositive on a motion for summary judgment, as in this case. On the summary judgment question, the initial question to be decided is whether there is an

issue of fact, and the court need not determine, at that time, the weight to be given to conflicting evidence.

This court has stated many times that undue influence is usually surrounded by all possible secrecy. It is almost always difficult to prove by direct and positive proof. It is largely a matter of inference from facts and circumstances surrounding the testator, his life, character, and mental condition, as shown by the evidence, and the opportunity afforded designing persons for the exercise of improper control. *In re Estate of Price, supra.* See *Andersen v. Andersen*, 177 Neb. 374, 128 N.W.2d 843 (1964). Furthermore, in a trial, a contestant is not limited to the bare facts that he may be able to adduce, but he is entitled to the benefit of all inferences which may be legitimately derived from such established facts. The declarations of a testator are admissible to show his state of mind and consequent susceptibility to undue influence. *Cook v. Ketchmark*, 174 Neb. 222, 117 N.W.2d 375 (1962); *In re Estate of Bowman*, 143 Neb. 440, 9 N.W.2d 801 (1943). In this case circumstantial evidence exists on this issue, as set out in the depositions of the three appellants.

Due to the surreptitious nature of undue influence, evidence in support of such an allegation usually is circumstantial in nature. Such evidence shows a course of conduct over a period of time intended to influence the mind of the testator. The influence must, of course, be "undue." Undue influence sufficient to defeat a will is such manipulation as destroys the free agency of the testator and substitutes another's purpose for that of the testator. *In re Estate of Price, supra.*

Appellants allege that Rose Villwok engaged, over a period of time, in exerting such influence. On consideration of a motion for summary judgment, the court does not determine that there was undue influence, but only determines that there was evidence sufficient to create a factual question as to its potential existence.

The depositions of appellants, received in evidence without objection, reveal sufficient evidence to raise a factual question as to the existence of undue influence. The deposition of Rose Villwok reveals that she and decedent had worked in decedent's restaurant since 1968. After she married decedent in 1974, the

relationship between her and decedent's children deteriorated. Rose Villwok testified that she was always present when decedent's children visited. With regard to decedent's assets, testimony shows that all major holdings, including the house, restaurant, stock, savings accounts, and a farm inherited by decedent, were owned by decedent prior to his marriage to Rose Villwok.

The deposition of each appellant daughter reveals that decedent drank heavily on a daily basis and was intoxicated much of the time. While Rose Villwok was at work, decedent visited his daughter Elaine Jane Wesely at her home. In addition, Elaine would visit him at a bar or at his home when Rose was not there. Decedent also visited his daughter Janet Anderson and was careful to arrive home before Rose Villwok returned from work. All three daughters indicated that Rose Villwok made a concerted effort both to be present when the daughters would visit and to keep them apart from their father by being inhospitable during visits and by regularly refusing dinner invitations from the daughters.

Each daughter also testified as to decedent's statements regarding disposition of his property. Elaine Jane Wesely stated that her father indicated to her that he did not want Rose or her children to have his property. Similarly, Janet Anderson testified that her father said, "I don't want Rose or her children to have anything." Marilyn Smith testified that the testator stated to her that " 'I should not be telling you this, but you girls get all the property, the steak house and all the money that was in the CDs and everything' . . . 'Rosie gets nothing except the house'. . . ."

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from material facts, and where the moving party is entitled to judgment as a matter of law. *In re Estate of Thompson*, 225 Neb. 643, 407 N.W.2d 738 (1987), citing *Bohannon v. Guardsman Life Ins. Co.*, 224 Neb. 701, 400 N.W.2d 856 (1987). In considering a motion for summary judgment, the evidence is to be viewed in the light most favorable to the party

against whom the motion is directed, giving to that party the benefit of all reasonable inferences which may be drawn from the evidence. *In re Estate of Thompson, supra*, citing *Naidoo v. Union Pacific Railroad*, 224 Neb. 853, 402 N.W.2d 653 (1987). We hold that in this case factual questions exist as to undue influence and the validity of testator's signature. Summary judgment is therefore improper. We reverse the summary judgment and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.