IN RE ESTATE OF JOHN URBANOVSKY, DECEASED.
ADOLF J. URBANOVSKY ET AL., APPELLANTS, v. OLGA ANN FORAL, APPELLEE.
215 N. W. 2d 74

Filed February 14, 1974.    No. 39145.

Lyle Winkle of Winkle & Allphin, for appellants.

Robak & Geshell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and ZEILINGER, District Judge.

NEWTON, J.

In this action Adolf and Joseph Urbanovsky are contesting an instrument submitted as the last will and testament of their father John Urbanovsky, deceased. The proponent is Olga Ann Foral a daughter of testator. For convenience the parties will be hereinafter referred to by their first names. The will in question was executed on April 1, 1970. Testator died on March 23, 1971, and the will was subsequently admitted to probate in the county court. On appeal trial was had to a jury which culminated in a verdict and judgment for proponent. We affirm the judgment.

On appeal to this court, the primary thrust deals with the sufficiency of the evidence to establish both a prima facie case and final showing of testamentary capacity. In oral argument contestants failed to urge the element of undue influence except as the evidence along that line might bear on the question of testamentary capacity. It is not disputed that the will was properly executed.

To establish a prima facie case of testamentary capacity proponent called the attorney who drafted the will and his secretary who were the subscribing witnesses. John Urbanovsky had migrated to this country from Czechoslovakia as a young man and talked broken English so the conversation was largely in Czech, which both witnesses understood and spoke. The attorney, who had not previously been acquainted with John, visited with him 30 to 35 minutes and received instructions from John in regard to the preparation of the will. John stated "he had already helped the two boys considerably and he wanted to do more for Mrs. Foral." This witness stated that in his opinion John was of sound mind and knew the objects of his bounty. John was accompanied by his daughter Olga who introduced her father, said he wanted a will made, and took no further part in the conversation. The attorney received the impression that John wanted all three of his children to receive the same

but did not mention any specific statement of John's to that effect with the exception of the one above quoted. He did not dictate the will to his secretary. She typed it up from his notes. The witness also stated that John walked with difficulty and his hearing and eyesight were poor.

The secretary did not have as vivid a recollection of the event but said she overheard the conversation between the attorney and John and prepared the will. In her opinion he knew the objects of his bounty and was of sound mind. She does not recall John saying he wanted to treat his children equal but did say he wanted to give everything to his daughter because he had already provided for his sons.

The evidence is sufficient to establish a prima facie case of testamentary capacity. The testator, without assistance or interference, made known the disposition he wanted made of his property and displayed awareness of his three children who were his apparent heirs-at-law.

The evidence reflects that testator was 87 years of age when the will was made. His hearing and eyesight were poor. He had had high blood pressure for a number of years and had sustained a stroke of slight to medium severity and was in a hospital from February 16 to 23, 1970. At this time he was subject to some mental confusion but regained his ability to get around and his clarity of mind according to the testimony of several witnesses, including that of a physician whom he consulted about his eyes just 5 days after the will was executed. Others testifying to testator's mental competency were the daughter, a real estate dealer, a sister-in-law, two young women acquaintances, an elderly lady acquaintance, and a granddaughter.

The record further discloses that from the time of his wife's death in 1964, John Urbanovsky spent about 5½ years in his daughter's home and most of the balance of the time in his brother's home. It was the daughter who

primarily cared for her father in his last years and her mother in her last illness. The jury apparently did not believe that having made gifts to all three children testator wished to evenly divide his remaining property as contestants insist. The only remark made by testator, as disclosed in the record, was that "he had already helped the two boys considerably and he wanted to do more for Mrs. Foral." It is not denied that he had made substantial donations to "the boys." The use of the word "more" is significant. It indicates that he had also helped Mrs. Foral but that notwithstanding that help he wished to do more for her. In view of the circumstances outlined above, this is not surprising.

There was testimony that testator had a daughter in Czechoslovakia before coming to this country and marrying the mother of his three children here. It is conceded that he hid knowledge of such a daughter from his family and never displayed any intention to make her a beneficiary of his will. This evidence would appear to be immaterial to the questions raised.

The evidence was conflicting but we are mindful of the rule that when the proponent has secured the verdict of the jury, in reviewing the evidence it must be considered in the light most favorable to the proponent, every controverted fact must be resolved in proponent's favor, and the proponent must have the benefit of every inference that can reasonably be deduced therefrom. See, Hober v. McArdle, 173 Neb. 510, 113 N. W. 2d 625; In re Estate of Hunter, 151 Neb. 704, 39 N. W. 2d 418.

That testator was aged and physically infirm is conceded by all parties. This is not sufficient to sustain a denial of probate of his will. "A testator may dispose of his property as he pleases. The law does not require that he recognize his relatives therein nor does it put any obstacle in the way of the aged or infirm in making disposition of their property by will; provided, only, that their mentality conforms to the accepted tests at

the time of the execution of such testamentary instrument and same was not procured by undue influence." Westover v. Kerr, 168 Neb. 494, 96 N. W. 2d 421.

A review of this record compels the conclusion that there is ample evidence to sustain the finding of the jury that testator was mentally competent and free of undue influence.

The judgment of the District Court is affirmed.

AFFIRMED.

ZEILINGER, District Judge, not participating.