VERNON L. CARLSON, APPELLANT, v. RAY E. NELSON, DOING BUSINESS AS RAY'S FARM SERVICE, APPELLEE.

288 N. W. 2d 489

Filed February 12, 1980. No. 42440.

Robert M. Harris and Randall L. Lippstreu, for appellant.

Padley, Dudden, Schroeder & Schoon, P.C., for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

Upon motion for rehearing, the opinion in the

above case, appearing at 204 Neb. 765, 285 N. W. 2d 505, is modified as follows. The sentence on pages 770 and 771 of the opinion reading as follows: "In April 1974, before return of the downpayment was tendered, defendant, under the contingent contract, asked plaintiff if he intended to take the combine and was told he did not want the machine," is corrected to read: "In April 1974, before return of the downpayment was tendered, the purchaser under the contingent contract asked plaintiff if he intended to take the combine and was told he did not want the machine."

The following is added as the final paragraph: "On retrial, the District Court is limited to determining from the record whether or not defendant has established his defense of mutual rescission by a preponderance of the evidence. If he has, judgment should be entered for the plaintiff in an amount equal to that paid by him initially, $500. If the court finds that such defense has not been proven, then it shall consider and determine from the record the amount of plaintiff's damages under section 2-713, U. C. C., i.e., the excess of market value over contract price at the time plaintiff learned of the breach."

The motion for rehearing is overruled.