IN RE ESTATE OF ESSIE E. SCHOCH, DECEASED. COMMERCIAL NATIONAL BANK AND TRUST COMPANY OF GRAND ISLAND, NEBRASKA, APPELLEE, V. DAISY R. KAIL, APPELLANT.

311 N.W.2d 903

Filed October 30, 1981. No. 43593.

C. Russell Mattson of Mattson, Ricketts, Davies, Stewart, Calkins & Duxbury for appellant.

R. P. Cathcart of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon for appellee.

Heard before WHITE and HASTINGS, JJ., and RIST and CAPORALE, District Judges, and RONIN, Retired District Judge.

CAPORALE, District Judge.

The appellant urges that the District Court erred when it affirmed the judgment of the county court and adjudged that her sister's last will and testament be admitted to probate. We affirm the findings and judgment of the District Court.

This is an action at law which, under the procedures existing at that time, was triable to a jury on appeal from the county court to the District Court. See Neb. Rev. Stat. §§ 25-1104, 30-1601, and 30-1606 (Reissue 1979). The parties elected to waive a jury. Accordingly, on this appeal, the findings and judgment of the District Court as the trier of the facts have the same force as a jury verdict and will not be set aside if there is sufficient competent evidence to support them and they are not clearly wrong. *Koperski v. Husker Dodge, Inc.* 208 Neb. 29, 302 N.W.2d 655 (1981); *In re Estate of Bouma,* 206 Neb. 209, 292 N.W.2d 37 (1980).

One possesses testamentary capacity if he understands the nature of his act in making a will, knows the extent and character of his property, knows and understands the proposed disposition of his property, and knows the natural objects of his bounty. *Anderson v. Claussen,* 196 Neb. 787, 246 N.W.2d 586 (1976); *Holman v. Morrison,* 186 Neb. 159, 181 N.W.2d 441 (1970). Such capacity is tested by the state of a testator's mind at the time he executes his will. *Thomas v. Vaughan,* 181 Neb. 673, 150 N.W.2d 241 (1967). Although competent evidence of a testator's condition of mind long before, closely approaching, and shortly after the execution of a will is admissible, it is received only to assist in revealing his state of mind at the time the will was executed. *In re Estate of Woodward,* 147 Neb. 270, 23 N.W.2d 75 (1946).

It is the duty of the proponent of a will, in the first instance, to make a prima facie case as to testamentary capacity; it then devolves upon the contestant to overcome the presumption arising therefrom, after which the burden of proving testamentary capacity

by a preponderance of the evidence devolves upon the proponent. *Moore v. Moore*, 158 Neb. 620, 64 N.W.2d 301 (1954); *In re Estate of Wahl*, 151 Neb. 812, 39 N.W.2d 783 (1949).

We review the appellant's assignments of error in light of the above-stated scope of review and rules relating to testamentary capacity and its proof. She asserts the following errors resulted in the erroneous finding that testatrix possessed the requisite capacity and the adjudication that the will be admitted to probate: (1) The admission into evidence of certain opinion evidence concerning mental competence; (2) The exclusion of certain hearsay evidence; and (3) The failure to give weight to inferences drawable from appellee's failure to call certain witnesses and to ask concerning testamentary capacity of a witness who did testify.

The will was executed August 1, 1968, and devised the major portion of the decedent's estate to her husband, if he survived; if not, to her and his nieces and nephews. The decedent's husband did not survive her.

The appellee, Commercial National Bank and Trust Company of Grand Island, Nebraska, as successor personal representative and proponent of the will, made a prima facie case on the issue of testamentary capacity. The attorney who drafted the will and acted as an attesting witness testified that on the date in question the testatrix possessed testamentary capacity. Thereafter, the appellant adduced evidence, as the contestant, that at various times before, closely approaching, and shortly after the will was executed, the decedent was markedly confused, unkempt, uncommunicative, and dressed inappropriately. There was medical evidence that the decedent suffered from chronic brain syndrome and was markedly senile. One physician testified that, in his opinion, if confusion in such persons is continuous, as was the case here so far as he was concerned, the mental

state is not variable. Another physician, on the other hand, opined that the mental condition of such persons can vary at different times from confused to clear.

In rebuttal, the proponent adduced testimony which contradicted that of the contestant on the questions of decedent's confusion, grooming, communicativeness, and manner of dress. One such witness, who testified to a number of transactions he had had with the decedent at various times, at one point stated he did not know whether the decedent knew and understood the will's provisions on the day she signed it. Subsequently, he was allowed to testify, over objection that the question had been asked and answered and proper foundation was lacking, that decedent was competent in August 1968. Although there may have been no foundation for an opinion as to decedent's testamentary capacity on the day the will was executed, that was not the question. The witness had testified as to an agreement decedent had entered into on August 15, 1968, and thus there was foundation for an opinion as to competency in August 1968 generally. Thus, appellant's first assignment of error is without merit.

The trial court excluded certain hearsay offered by the appellant, consisting of statements concerning decedent's mental state attributed to her dead husband and descriptions of testatrix's behavior imputed to one of her dead friends. Hearsay is not admissible, except under certain exceptions. Neb. Rev. Stat. § 27-802 (Reissue 1979). The hearsay statement of an unavailable declarant is not excluded, provided its probative value is not substantially outweighed by the factors enumerated in Neb. Rev. Stat. § 27-403 (Reissue 1979), even though not covered by specific exceptions, if there are equivalent circumstantial guarantees of trustworthiness as underlie the specific exceptions, and if "(i) the statement is offered as evidence of a material fact, (ii) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure

through reasonable efforts, and (iii) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." Neb. Rev. Stat. § 27-804(2)(e) (Reissue 1979).

First, it should be noted that the trial court has broad discretion to exclude cumulative evidence. *Anson v. Fletcher*, 192 Neb. 317, 220 N.W.2d 371 (1974). Under the state of the record it could not be said that exclusion of the evidence offered would have constituted reversible error even if otherwise admissible. Secondly, the trial court was correct in excluding the hearsay which was offered, and therefore appellant's second assignment of error fails. In considering the residual exception found in the federal rule from which our statute is derived, Fed. R. Evid. 804(b)(5) (1975), the court in *Huff v. White Motor Corp.*, 609 F.2d 286 (7th Cir. 1979), first observed the trial court had a considerable measure of discretion in applying the exception. It then ruled that the proponent of the evidence had the burden of establishing each of the conditions of admissibility imposed by the rule. There is no showing here that the hearsay statements offered had any of the circumstantial guarantees of trustworthiness found in the specific exceptions. The reliability of the witness' testimony that the hearsay statement was in fact made is not a factor to be considered in deciding its admissibility. It is the circumstantial guarantees of trustworthiness of the speaker of the words at the time the utterances were made which control. *Huff v. White Motor Corp., supra.* No showing of the special trustworthiness of the deceased husband's comments at various times that the testatrix could no longer cope, could not be left at home, would not be able to help in the contest of another's will, and would forget having been away from home is made by the record. A variety of causes unrelated to the reasons contained in the hearsay may have existed.

The statements attributed to the dead friend concerning the testatrix's behavior were not shown to be more probative on the point for which offered than other evidence which could have been procured by reasonable effort. Nor was there any showing that the hearsay would serve the interests of justice by increasing the likelihood that the truth would be ascertained. The residual hearsay exceptions are to be used very rarely, and only in exceptional circumstances. *Huff v. White Motor Corp., supra; Wolfson v. Mutual Life Ins. Co. of New York*, 455 F. Supp. 82 (M.D. Pa. 1978). Such exceptional circumstances were not shown to exist in this case.

We now consider appellant's last assignment of error. The second attesting witness to the will was not called as a witness. A witness who had been identified by the proponent of the will as one who knew of testatrix's testamentary capacity on August 1, 1968, was called and did testify, but was not asked his opinion about testatrix's capacity on the day in question.

It is true, as argued by appellee, that the unexplained failure of a party to call or examine an available witness who possesses peculiar knowledge may give rise to an inference that the testimony of such witness would not sustain the contention of the party. *Dunbier v. Stanton*, 170 Neb. 541, 103 N.W.2d 797 (1960); *Medelman v. Stanton-Pilger Drainage Dist.*, 155 Neb. 518, 52 N.W.2d 328 (1952). It is likewise true, however, that the relative convincing powers of the inferences to be drawn from failing to call or examine a witness and other evidence are for the determination of the trier of fact. *Dunbier v. Stanton, supra.* In determining the sufficiency of the evidence to sustain the trial court's judgment, it must be considered most favorably to the successful party, every controverted fact must be resolved in that party's favor, and that party must have the benefit of every inference that can reasonably be deduced therefrom. *Urban-*

*ovsky v. Foral,* 191 Neb. 308, 215 N.W.2d 74 (1974); *McBride v. Fort Kearney Hotel, Inc.,* 185 Neb. 518, 176 N.W.2d 911 (1970).

A review of this record in light of the foregoing rules compels the conclusion that appellant's third assignment of error is likewise without merit, and that there is ample evidence to sustain the trial court's finding that the testatrix had testamentary capacity when she executed her will.

For the reasons stated, the judgment that the will be admitted to probate is affirmed.

AFFIRMED.