GABLES CVF, INC., APPELLANT, V. BAHR, VERMEER & HAECKER ARCHITECT, LTD., ET AL., APPELLEES.

506 N.W.2d 706

Filed November 24, 1993.    No. S-91-758.

William J. Brennan and Thomas M. White, of Fitzgerald, Schorr, Barmettler & Brennan, for appellant.

Thomas J. Guilfoyle, of Frost, Meyers, Guilfoyle & Govier, for appellee Bahr, Vermeer & Haecker Architect, Ltd.

Susan E. Norris, of Gross & Welch, P.C., for appellee The Chicago Lumber Company of Omaha.

Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellee Sol Lewis Engineering Co.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

This case is now before this court on the motions for rehearing of the defendant and third-party plaintiff, appellant Gables CVF, Inc., and the third-party defendant, appellee Bahr, Vermeer & Haecker Architect, Ltd. The opinion is reported at *Gables CVF v. Bahr, Vermeer & Haecker Architect, ante* p. 346, 506 N.W.2d 706 (1993). Each of said motions is overruled; however, the opinion is modified as hereinafter stated.

The following paragraph, appearing in *Gables CVF, ante* at 355-56, reads:

> It is impossible to say in the present state of the record that, as a matter of law on a motion for summary judgment, Goldman-Kasin was aware of all deviations from the building plans and was not relying upon BVH to inform it of subcontractors' deviations from the architect's plans. However, on remand, in the absence of fraud, if it is established that Goldman-Kasin was aware of the deviations from the building plans, then that knowledge must be imputed to its partner, Gables CVF, and Gables CVF would then be unable to complain that it was damaged by the failure of BVH to provide it with appropriate notice of deviations from the building plans.

It is hereby modified to read:

> It is impossible to say in the present state of the record that, as a matter of law on a motion for summary judgment, Goldman-Kasin was aware of all deviations from the building plans and was not relying upon BVH to inform it of subcontractors' deviations from the architect's plans.

FORMER OPINION MODIFIED.

MOTIONS FOR REHEARING OVERRULED.

WHITE, J., not participating.