R-D INVESTMENT COMPANY, APPELLANT, V. BOARD OF
EQUALIZATION OF SARPY COUNTY, NEBRASKA, APPELLEE.

525 N.W.2d 221

Filed January 6, 1995.   No. S-93-903.

Jeffrey A. Silver for appellant.

Michael D. Wellman, Sarpy County Attorney, and Henry L. Wendt for appellee.

HASTINGS, C.J., WHITE, CAPORALE, LANPHIER, and WRIGHT, JJ., and GRANT, J., Retired, and HOWARD, D.J., Retired.

WRIGHT, J.

R-D Investment Company (R-D) appeals the decision of the Sarpy County District Court which affirmed the refusal by the Board of Equalization of Sarpy County, Nebraska (Board), to equalize the value of R-D's real estate to zero.

## SCOPE OF REVIEW

Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether the appellate court has jurisdiction over the matter before it. *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509

N.W.2d 618 (1994); *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993); *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992).

## FACTS

The following facts were stipulated to by the parties: R-D "owns and/or leases" or is otherwise responsible for the payment of taxes on real property which was assessed and taxed in Sarpy County. The real property did not qualify for any property tax exemption for tax year 1991. For that tax year, the Board assessed and taxed the real property at its actual value, and R-D paid the taxes on the real property.

In April 1991, R-D filed a "Property Valuation Protest" with the Board. R-D offered the following rationale for its protest:

> Pursuant to the opinion of the Supreme Court of Nebraska in the case of [*Natural Gas Pipeline Co. v. State Bd. of Equal.*, 237 Neb. 357, 466 N.W.2d 461 (1991),] and the uniformity and proportionality requirements of Article VIII, Section 1 of the Nebraska Constitution, the taxpayer respectfully requests that all its property in the county be equalized with the lowest value [sic] property in the county (including the appellant taxpayers noted above) and therefore, be reduced to zero.

The Board rejected R-D's protest in a resolution which stated, "[T]his Board of Equalization is aware of no statute or State Supreme Court case declaring such property or class of property to be exempt or unconstitutionally taxed by its political subdivisions."

R-D appealed the Board's determination to the district court for Sarpy County on July 12, 1991. On August 11, 1993, the parties appeared before the district court, entered exhibits 1 and 2, and presented arguments. The Board's objection to exhibit 3 was sustained, and that exhibit was not made a part of the bill of exceptions. On September 23, 1993, the district court issued an "Opinion and Order" which affirmed the decision of the Board. R-D timely filed its notice of appeal.

## ANALYSIS

We note that in the protest form submitted to the Board, R-D did not specifically refer to any class of property with

which it sought equalization. R-D alluded only to "the lowest value [sic] property in the county." We infer that R-D was referring to at least one of two classes of property within Sarpy County: centrally assessed personal property or local tax-exempt property. We hold that the Board did not have jurisdiction to consider equalization of R-D's property with either class of property.

At the time R-D filed its protest, county boards of equalization were governed by Neb. Rev. Stat. § 77-1501 et seq. (Reissue 1990). The Board's duties were set forth in §§ 77-1504 and 77-1506.02. The extent of the Board's equalization jurisdiction was also defined by statute:

> For purposes of sections 77-1504 and 77-1506.02, parcels or items of property or classes of property shall mean locally assessed land, improvements, and personal property. Any property valued by the Tax Commissioner *shall not be subject to equalization* by the county board of equalization under sections 77-1504 and 77-1506.02.

(Emphasis supplied.) § 77-1503.01.

In *John Day Co. v. Douglas Cty. Bd. of Equal.*, 243 Neb. 24, 497 N.W.2d 65 (1993), we held that county boards of equalization had no jurisdiction to consider centrally assessed property when equalizing assessments within their respective counties. In *John Day Co.*, taxpayers asked that the county board equalize the taxpayers' nonexempt local personal property with the exempt property of centrally assessed taxpayers. We held that the equalization between centrally assessed property and locally assessed personal property was a power reserved to the State Board of Equalization and Assessment.

In the case at bar, the Board argues that the holding in *John Day Co.* controls and that the Board itself never had jurisdiction to consider R-D's protest. R-D counters that *John Day Co.* divested jurisdiction from county boards only when *centrally assessed* property was being equalized with *locally assessed* property. R-D claims that its protest was based merely on equalization with locally assessed property, which would have allowed the Board to take jurisdiction.

In its protest, R-D asked that its property be equalized with "the lowest value [sic] property in the county." R-D specifically

included as an example of such property the appellants' property in *Natural Gas Pipeline Co. v. State Bd. of Equal.*, 237 Neb. 357, 466 N.W.2d 461 (1991), in which the appellants protested assessment of their centrally assessed gas pipeline property.

The bill of exceptions in this case is silent as to whether R-D differentiated between locally assessed property and centrally assessed property in its protest to the Board. Therefore, we are unable to determine whether the protest included only locally assessed property, which is the only property over which the Board had jurisdiction. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Bell Fed. Credit Union v. Christianson*, 244 Neb. 267, 505 N.W.2d 710 (1993). Only in its briefs on appeal to the Supreme Court does R-D differentiate between locally assessed property and centrally assessed property. A brief may not expand the evidentiary record and should limit itself to arguments supported by the record. *Obermeier v. Bennett*, 230 Neb. 184, 430 N.W.2d 524 (1988). See, also, *Gables CVF v. Bahr, Vermeer & Haecker Architect*, 244 Neb. 346, 506 N.W.2d 706 (1993), *modified* 244 Neb. 613, 506 N.W.2d 706; *Home Fed. Sav. & Loan v. McDermott & Miller*, 243 Neb. 136, 497 N.W.2d 678 (1993); *Scott v. Hall*, 241 Neb. 420, 488 N.W.2d 549 (1992). Because R-D referred only to centrally assessed property in its protest to the Board, the record does not establish that only locally assessed property is to be considered.

The *John Day Co.* opinion states:

> We hold that the county board did not have jurisdiction to consider the valuations of centrally assessed property in arriving at the value of appellant taxpayers' locally assessed personal property within Douglas County. By restricting the power of a county board to equalize only those assessments over which it had authority to assess the value, § 77-1503.01 took away the county board's authority to increase or decrease locally assessed property values in relation to other property located within the county whose value is centrally assessed. . . .

> In conclusion, § 77-1504 does not confer jurisdiction on the county board to decrease the challenged assessed personal property values as requested. Consequently, neither the district court nor this court acquired jurisdiction over the matter . . . .

243 Neb. at 32, 497 N.W.2d at 71. Pursuant to *John Day Co.*, the Board did not have jurisdiction to hear R-D's protest.

Although we hold that R-D failed to differentiate between locally assessed property and centrally assessed property in its protest, the outcome would be no different if such a differentiation had been made. Assuming, for the sake of argument, that we can determine from the protest that R-D intended to differentiate between centrally assessed property and local tax-exempt property, R-D still failed to invoke the jurisdiction of the Board because the protest involved local tax-exempt property. We have held:

> Equalization is the process of ensuring that all *taxable* property is placed on the assessment rolls at a uniform percentage of its actual value. . . . "The purpose of equalization of assessments is to bring the assessment of different parts of a taxing district to the same relative standard, so that no one of the parts may be compelled to pay a disproportionate part of the tax." . . . *The process of equalization, therefore, cannot be applied to property that is not taxed.*

(Emphasis supplied.) *MAPCO Ammonia Pipeline v. State Bd. of Equal.*, 238 Neb. 565, 577, 471 N.W.2d 734, 742 (1991). Since the Board had no authority to equalize R-D's property with property that was exempt from taxation, R-D's remedy did not involve equalization, and the Board could not equalize the value of R-D's property to zero.

The Board had no jurisdiction to grant the relief requested. We have held that when an administrative agency lacks subject matter jurisdiction over a claim, the courts also lack subject matter jurisdiction on appeal. See *In re Complaint of Fecht*, 224 Neb. 752, 401 N.W.2d 470 (1987). Therefore, the district court did not have jurisdiction to hear R-D's appeal from the Board's decision.

An appellate court has the power and the duty to determine

whether it has jurisdiction over the matter before it. See *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994). "If the district court lacked power to entertain the proceedings and decide the questions raised by such action, this court is equally without power to review the final judgment or order which is the subject matter of the action brought to the district court." *Glup v. City of Omaha*, 222 Neb. 355, 359, 383 N.W.2d 773, 777 (1986). This court also lacks subject matter jurisdiction to decide the case at bar.

Because this court lacks subject matter jurisdiction, the appeal is dismissed, and the cause is remanded to the district court for Sarpy County with directions that the matter be dismissed.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.