METROMAIL CORPORATION, APPELLANT, V. SEWARD COUNTY
BOARD OF EQUALIZATION, APPELLEE.

530 N.W.2d 903

Filed April 27, 1995.   No. S-93-891.

Paul M. Schudel, of Woods & Aitken, for appellant.

C. Jo Petersen, Seward County Attorney, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and RONIN, D.J., Retired.

LANPHIER, J.

On April 10, 1991, appellant Metromail Corporation filed a protest with the Seward County Board of Equalization of the 1991 assessment of appellant's real property. Appellant stated the following in its protest:

> I request that my Real Estate Property in this County be equalized with the Personal Property that is exempt such as railroads, pipelines, livestock, etc. In order to equalize my Real Estate Property in this County, I request that my Real Estate should be assessed at 0% (percentage) of actual value.

On May 24, 1991, the board denied appellant's request. On July 15, appellant filed an appeal of the board's decision in the district court for Seward County. On September 7, 1993, the district court granted the board's motion for summary judgment and dismissed the action, concluding that the board lacked subject matter jurisdiction.

Appellant asserts the district court erred in (1) finding that the board lacked subject matter jurisdiction to equalize the valuation of appellant's property with personal property in Seward County not exempt from taxation in tax year 1991 and (2) finding that the district court lacked subject matter jurisdiction of appellant's petition which sought reversal of the board's denial of appellant's request for equalization.

In its assignments of error, appellant attempts to recharacterize the request made to the board. Appellant did not request that its property be equalized with nonexempt personal property; appellant requested that its property be equalized with exempt personal property. That appellant listed a category of exempt personal property, livestock, does not change its request. The exact issue appellant raises has recently been addressed by this court in *R–D Investment Co. v. Board of Equal. of Sarpy Cty., ante* p. 162, 525 N.W.2d 221 (1995). There we held the process of equalization cannot be applied to property that is not taxed. This being the rule, appellant's claims must fail.

The district court properly determined that it lacked subject matter jurisdiction in this matter. We, therefore, also lack jurisdiction. See *id*. This appeal is dismissed.

APPEAL DISMISSED.